425 A.2d 1161

COMMONWEALTH of Pennsylvania

v.

Anthony TURNER, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Feb. 13, 1981.

396

Peter A. Levin, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County sentencing the appellant to five years alcoholic probation. On January 4, 1978, acting pursuant to a search warrant signed by Judge Conroy, the police searched the appellant's apartment and found articles which had apparently been taken from a neighborhood bar during a burglary. Appellant was then arrested and

---

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

charged with burglary, theft by unlawful taking, and theft by receiving stolen property.

On April 28, 1978, a hearing was conducted before the Honorable Bernard Snyder on appellant's motion to suppress the items uncovered in the search. The motion was denied. On July 20, 1978, appellant was tried before Judge Snyder and found guilty of theft by receiving stolen property. Post verdict motions were argued and appellant's motions for a new trial and in arrest of judgment were denied on November 9, 1978. No timely appeal was filed. Appellant subsequently filed a Post Conviction Hearing Act petition seeking the right to appeal his judgment of sentence nunc pro tunc. The petition was granted, and this appeal nunc pro tunc followed.

■ Three issues are presented on appeal: (1) whether the affidavit for the search warrant sufficiently established probable cause for the issuance of the warrant; (2) whether the search warrant was properly executed by police; and (3) whether an incriminating statement of the appellant was illegally obtained.[1]

Appellant contends that the search warrant was issued on less than probable cause because the affidavit on which it was granted failed to set forth any basis both for crediting the informant and for establishing the underlying circumstances from which he received this information.

■ The probable cause section of the affidavit is as follows:[2]

On Thursday, December 22, 1977, the Sanctuary Bar, 4134 Walnut Street, reported a burglary by an unknown person(s). Missing was two hundred dollars in cash, fifteen

1. Since appellant's application to suppress evidence did not challenge its admissibility specifically on the latter two grounds, and since such grounds were not considered by the lower court, any claim in such regard is waived. *Commonwealth v. Dobson*, 486 Pa. 299, 405 A.2d 910 (1979); *Commonwealth v. Hennessey*, 485 Pa. 647, 403 A.2d 575 (1979); *Commonwealth v. Austin*, 484 Pa. 56, 398 A.2d 941 (1979).

2. Only the written statements submitted to the magistrate can be used to support probable cause. Pa.R.Crim.P. 2003(a).

bottles of J&B Scotch, Jack Daniels, Coventry, Seagram's gin, and assorted bottles of liquor, and one component stereo set consisting of a Garard turntable with a plastic dust cover, a Fisher AM/FM receiver with a black magic marker mark between band ninety and a hundred.

On Wednesday, 1/4/78, the assigned detective was informed these same items were inside the third floor front apartment of an Anthony Turner, at 4206 Walnut Street, by an informer who wishes to remain anonymous, due to fear of reprisals. This informer has knowledge that the above listed items are inside 4206 Walnut Street, third floor, because as of twelve noon, 1/4/78, he personally saw them inside the premises.

He informed the assigned that the mark by magic marker was between ninety and a hundred bands, the position of U.S. radio station. He also noticed the stereo and liquor that was stolen from the Sanctuary Bar because he is a steady customer and patron of the bar.

The assigned believes the items are inside 4206 Walnut Street.

(N.T. 4/28/78, 22–23).

The United States Supreme Court has established a two pronged standard for finding probable cause in a search warrant affidavit. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This standard has been recognized by this court:

The first requirement is an explanation of the "underlying circumstances" from which the informant received the information and reached the conclusion that the fruits of a crime would be located in the place to be searched. Secondly, there must be set forth in the affidavit a reasonable basis for the affiant's belief that his informant is credible and his information is reliable.

*Commonwealth v. Reisinger*, 252 Pa.Super. 1, 5, 380 A.2d 1250, 1252 (1977).

■ We note that the affidavit sets out a specific explanation of how the informant received the information and

reached the conclusion that the stolen goods were in the appellant's apartment. Thus, the first prong is satisfied.

As to the second prong of the *Aguilar* test, the United States Supreme Court has outlined four factors which may establish the informant's reliability. These are: (1) prior reliable information given by the informant; (2) corroboration of the informant's information by others; (3) personal and recent observations of the informant which amount to a declaration against interest; and (4) the reputation of the defendant with the police if supported by prior events within the affiant's own knowledge. *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

It appears that none of the above four factors are present in this case. Accordingly, the Commonwealth lacked sufficient probable cause upon which a warrant could issue.

Judgment reversed.