436 A.2d 639

COMMONWEALTH of Pennsylvania, Appellant,

v.

Ann MARZEL,

COMMONWEALTH of Pennsylvania, Appellant,

v.

Alonzo McCLELLAN.

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Oct. 23, 1981.

Petition for Allowance of Appeal Denied Feb. 23, 1982.

Stella L. Smetanka, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

David P. Siegel, Pittsburgh, for appellees.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

These are consolidated appeals by the Commonwealth from Orders suppressing evidence obtained in a search conducted pursuant to a search warrant. The lower court held that the underlying affidavit was based on information too stale to establish probable cause. On appeal, the Commonwealth argues that the affidavit indicates ongoing criminal activity continuing to the date of the issuance of the search warrant. We agree and therefore reverse.

The record discloses that on November 21, 1979, Appellees, Ann Marzel and Alonzo McClellan, were arrested and charged with six counts of violating the Controlled Substance, Drug Device and Cosmetic Act.[1] These charges were based upon evidence obtained in a search conducted on the same day, pursuant to a search warrant issued earlier that day, upon the affidavit of Lieutenant Charles E. Coughlin of the McKeesport Police Department. The affidavit is founded on numerous complaints received from Appellees' neighbors as well as on information supplied by three separate unidentified informers. The affidavit, in its entirety, states:

> This affiant has received many complaints from neighbors in the 1600 block of Manor Ave. over the last several months relating to an unusual amount of activity at 1619 Manor. This activity amounted to persons visiting 1619 Manor Ave. at all times of the day and night, staying short perods *[sic]* of time & leaving.

> Further information from a neighbor who is married & has a family residing at her present address for sveral *[sic]* years & who is believed by this affiant to be a reliable person told this affiant that on many occassions, *[sic]*

---

1. 35 Pa. Cons.Stat.Ann. § 780–113(a)(16) & (30) (Purdon 1977).

people have mistakenly knocked on her door and have asked for drugs. These same persons have even named Lonnie was to have the stuff for me.

A person believed to be reliable to this affient *[sic]* told this affient *[sic]* that she has personal information from several persons that they have purchased from Ann Marzel and Lonnie McClelland *[sic]* marihuana. This informant is also a neighbor is married & has a family & lives very close to 1619 Manor. This informant further told me that marihuana is kept in a fishing tackle box located in the front room, at 1619 Manor that she has seen it there. This affiant further attended a communtiy *[sic]* meeting from irate neighbors at 1619 Manor demanding a stop to dope sells *[sic]* coming from this address. This meeting was approx. two months ago & this officer had planned to conduct surveillance at 1619 Manor. However this was impossible due to the fact of high shrubbery surrounding the back of the house & the unavailable positions in front. However on today's date November 21 1979 at approx. 2:00 p. m. this affiant received additional information from another informant and which this information is believed to be true because it corresponds with information that this affiant has already received from neighbors. That is as follows:

Informant said that Lonnie McClelland *[sic]* & Ann Marzell are dealing heavy in marihuana and Coke (Cocaine). That he has been inside their house at 1619 Manor & that he has bought marihuana & Cocaine from them. That he further described the entire house to me (inside) and that cocaine is kept under a bed in the upstairs bedroom & that the marihuana is in a fishing tackle box. He also said that there are approx. 50 to 100 cases of beer in the cellar & that they were stolen from the McKeesport Beer dist. Co. He has seen the beer & the drugs in this house, as recently as a month ago. Informant also stated that Ann Marzel or Lonnie McClelland *[sic]* delivers both drugs and or beer upon request. Based on this information, this affiant believes that a search warrant be issued.

Appellees argue that probable cause was not established by the affidavit because it is based upon allegedly "stale" information and because it fails to establish the reliability of the unidentified informers and the credibility of their information.

## I.

The standard for evaluating the sufficiency of affidavits is well stated in *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897, 899 (1971):

> In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists at the time he issues the warrant. Such a decision may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *Durham v. United States*, 403 F.2d 190 (9th Cir. 1968); *Schoeneman v. United States*, 115 U.S.App.D.C. 110, 317 F.2d 173 (1963); and *Dandrea v. United States*, 7 F.2d 861 (8th Cir. 1925). If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, *unless it is also shown that the criminal activity continued up to or about that time.* [emphasis added]

Based upon the "continuing activity" proviso, we conclude that the instant affidavit supports a finding of probable cause.

Appellees rely on *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973), to buttress their contention of staleness. In *Eazer*, an undercover policeman placed a single numbers bet at a newsstand and, although he was informed that bets were accepted daily during the lunch hour, he placed no additional bets. Surveillance of the newsstand owner revealed only that he regularly returned to his home at midday which, according to the court, is a course of conduct followed by innumerable law-abiding citizens.

Nevertheless, 61 days after the bet was placed, a search warrant was issued. Not surprisingly, our Supreme Court held the *Eazer* affidavit deficient as being based on stale information. The Commonwealth's attempt to demonstrate continuing criminal activity failed because it was founded solely on the police officer's unsubstantiated impression that the particular crime, a lottery, was ongoing by its very nature.

Appellees emphasize that the affidavit here, as in *Eazer* mentions activity occurring one and two months prior to the issuance of the search warrant. However, Appellees disregard significant factors that clearly demonstrate continuing criminal activity. The third informant, who communicated with Lieutenant Coughlin on the very day the search warrant was issued, spoke in the *present* tense. His statements that "the marihuana *is* in a fishing tackle box", "Lonnie McClelland *[sic]* and Ann Marzel *are* dealing heavily in marihuana and Coke (Cocaine)", and "Ann Marzell or Lonnie McClellant *[sic] delivers* those drugs and or beer upon request", (emphasis added) can reasonably be understood to indicate that Appellees' criminal activities were of an ongoing nature and continued to the date the warrant was issued. In addition, the same informant's information concerning the great quantity of stolen beer (50–100 cases) is further evidence that the criminal activity was ongoing and continued to, or about, the time the warrant was issued and the search was executed.

> The nature of the criminal activity itself may serve as a reasonable basis upon which to conclude that the activity is continuing. In addition, where a series of illegal acts are observed over a period of time, this fact may serve as a sufficient basis from which to conclude that the activity is of a continuing nature.

*Commonwealth v. Suppa*, 223 Pa.Super. 513, 515 n.1, 302 A.2d 357, 358 n.1 (1973) (citations omitted).

Here, unlike *Eazer* there was more than a policeman's unsubstantiated impression of ongoing criminal activity. One informant, a neighbor of the Appellees, reported in-

stances of people mistakenly knocking on her door to ask for drugs from "Lonnie," the nickname of Appellant Alonzo McClellan. Another neighbor-informant reported that several persons told her of drug purchases from Appellees. Two informants personally saw marijuana in a fishing tackle box in Appellees' home. Irate neighbors complained at a community meeting of drug sales occurring at Appellees' house.

The foregoing corroborative litany of events occurring "over the last several months," together with the indicia of current activity received by Lieutenant Coughlin on the date the warrant was issued, was sufficient to allow the magistrate, employing "common sense", to conclude that the probability standard of probable cause had been satisfied. *Commonwealth v. Forster*, 253 Pa.Super. 433, 439, 385 A.2d 416, 418–19 (1978) (*quoting Commonwealth v. Frye*, 242 Pa.Super. 144, 148, 363 A.2d 1201, 1203 (1976)). Affording the magistrate's determination of probable cause the deference due it, *id.*, we conclude that the warrant was not defective for "staleness".

## II.

■ Admittedly, the timeliness of the information contained in the affidavit is of little value absent a showing of its reliability. Appellees have challenged the above affidavit as failing to meet the two-pronged test set forth by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

*Aguilar* first requires that the affidavit demonstrate the circumstances that support the informant's belief that the contraband will be in the place to be searched. This test is met here by the personal observations of the second and third informants of the marijuana and cocaine in the Appellees' house. Appellees argue that the second informant's statement, that several persons told her they had purchased marijuana from Lonnie McClelland and Ann Marzel, is hearsay. Such statements are not, however, inherently unreliable. *Commonwealth v. Kaschik*, 235 Pa.Super. 388, 344 A.2d 519 (1975).

"It is not unusual for an affidavit of a law enforcement officer to contain hearsay information from an informant, which, in turn, is based on other information gathered by that informant. . . . Therefore, when a magistrate receives an affidavit which contains hearsay upon hearsay, he need not categorically reject this double hearsay information. Rather, he is called upon to evaluate this information as well as all other information in the affidavit in order to determine whether it can be reasonably inferred 'that the informant had gained his information in a reliable way.'" *United States v. Smith*, 462 F.2d 456, 459 (8th Cir. 1972).

*Id.*, 235 Pa.Super. at 394, 344 A.2d at 523. Furthermore, the second informant's statement concerning the location of the marijuana in the fishing tackle box was based on her personal observation rather than upon hearsay.

■ The second prong of the *Aguilar* test requires that the affidavit set forth the underlying circumstances justifying the affiant's belief that the unidentified informants were reliable. In *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973), this Court identified four factors to be considered by a magistrate in deciding the credibility of an unidentified informant and the reliability of his information: (1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by another source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip? Appellees argue that the above tests have not been met. However, it is not mandatory that all four factors be present before a warrant may issue. *In re Burton*, 259 Pa.Super. 20, 393 A.2d 696–97 (1978); *Commonwealth v. Herron*, 243 Pa.Super. 319, 334, 365 A.2d 871, 878 (1976); *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973).

■ While the record fails to disclose that any of the informants previously supplied reliable information, this Court has held that a first-time informant is not necessarily unreliable. There must, of necessity, be a first time for each

informant to supply his information; otherwise no informant could ever become qualified as a reliable source. *Commonwealth v. Bove*, 221 Pa.Super. 345, 293 A.2d 67 (1972); *Commonwealth v. Crawley*, 209 Pa.Super. 70, 223 A.2d 885 (1966).

There is cross-corroboration by the second and third informants concerning the nature and location of the contraband in the fishing tackle box. While no specific dates are mentioned, the affidavit does indicate that the third informant spoke, in the present tense, on the date the warrant was issued, concerning the location of the marijuana. Appellees cite *Commonwealth v. Hagen*, 240 Pa.Super. 444, 446, 368 A.2d 318, 321 (1976), where we held "the mere fact that an informant has supplied one piece of information which may be corroborated does not automatically establish reliability or credibility." However, more than one piece of information was corroborated here. As mentioned above, there was a litany of corroboration concerning drug-related activity.

The third informant spoke against his interest when he admitted purchasing marijuana and cocaine from Lonnie McClellan and Ann Marzel. In addition, we agree with the Commonwealth[2] that this informant's entire statement was given in such detail as to be convincing.

Finally, *Ambers* looks to the reputation of the defendants. "Reputation is the estimation in which one's character is held by his neighbors or associates." Restatement of Torts § 577, Comment b, (1938); *Gaetano v. Sharon Herald Company*, 426 Pa. 179, 231 A.2d 753 (1967). It is clear from the affidavit that the reputation of the Appellees amongst their neighbors was that of drug dealers. The Appellees' callers, who knocked on the wrong door in their quest for drugs, obviously shared that view. Moreover, Lieutenant Coughlin's knowledge of Appellee's reputation was a " 'practical consideration of everyday life' upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip". *United States v. Harris*, 403 U.S. 573,

2. Appellant's Brief p. 12.

91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). *See also Commonwealth v. Turner*, 284 Pa.Super. 395, 399, 425 A.2d 1161, 1163 (1981).

The affidavit was sufficient to establish probable cause for a search at the time of its issuance. We therefore vacate the Orders of the court below and remand for further proceedings consistent with this opinion.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I believe, as did the lower court, that the information contained in the affidavit was too "stale" to support a finding of probable cause.

In *Commonwealth v. Nycz*, 274 Pa.Super. 305, 418 A.2d 418 (1980), we said:

> It is well settled that probable cause for the issuance of a search warrant must be established at the time the warrant is issued, *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973); *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973); *Commonwealth v. Hagan*, 240 Pa.Super. 444, 368 A.2d 318 (1976), and "stale" information will thus not support a finding of present probable cause. *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973); *Commonwealth v. Jackson*, 461 Pa. 632, 337 A.2d 582 (1975); *Commonwealth v. Albert*, 264 Pa.Super. 390, 399 A.2d 1106 (1979).

> The standard by which we are guided in examining the affidavit underlying a search warrant is well stated in *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971):

>> "In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists at the time he issues the warrant. Such a decision may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *Durham v. United States*, 403 F.2d 190 (9th Cir.

1968); *Schoeneman v. United States*, 317 F.2d 173 (D.C. Cir. 1963); and *Dandrea v. United States*, 7 F.2d 861 (8th Cir. 1925). See also IV Wharton Criminal Law and Procedure § 1546 (12th Ed. 1957), and authorities cited in 100 A.L.R.2d 525 (1965). If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time." *Id.* [444 Pa.] at 113–14, 281 A.2d at 899.

> *Id.*, 274 Pa.Super. at 308–09, 418 A.2d at 420.

See also *Commonwealth v. Tolbert*, 492 Pa. 576, 424 A.2d 1342 (1981).

Here, the affidavit provided the magistrate with no information of criminal activity "closely related in time to the date the warrant . . . issued." The affidavit stated that the affiant had "received many complaints from neighbors . . . over the last several months relating to an unusual amount of activity at 1619 Manor." It did not state either when the complaints had been received or when the activity complained about had occurred. The affidavit next identified an informant—a married woman neighbor with a family who had resided "at her present address for several years"— as having said that "on many occasions" people had knocked on her door and had asked for drugs, telling her that "Lonnie"[1] was to have "the stuff" for them. However, the affidavit did not state when the affiant had spoken with this informant or when any of the occasions described had happened. The affidavit next identified a second informant— also a married woman neighbor—as having said that she saw marijuana in a fishing tackle box in the living room at appellees' address. Again, however, the affidavit did not state when the affiant had spoken with this informant or when she saw the marijuana. The affidavit next stated that "approximately two months ago" the affiant himself had attended a community meeting of "irate neighbors . . .

---

1. Appellee McClellan's first name is Alonzo.

demanding a stop to dope sells." Finally, the affidavit stated that on November 21, 1979—the date of the affidavit—an informant—described as someone who had been in appellees' house and who had, at some unspecified occasion or occasions, bought drugs from them—told the affiant that appellees were "dealing heavy in marihuana and Coke" and that he had seen cocaine, marijuana, and stolen beer in appellees' house "as recently as a month ago."

Thus, none of the information was specifically dated, and the most recent information provided the magistrate was at least a month old. Standing alone, such information could not support a finding that it was probable that the evidence sought was at the premises to be searched. *Commonwealth v. Shaw, supra,* 444 Pa. at 113, 281 A.2d at 899. *See also Commonwealth v. Jackson,* 461 Pa. 632, 337 A.2d 582 (1975) (five month old information stale); *Commonwealth v. Eazer,* 455 Pa. 320, 312 A.2d 398 (1973) (61 day old information stale); *Commonwealth v. Hagen,* 240 Pa.Super. 444, 368 A.2d 318 (1976) (information at least one and one-half months old stale); *Commonwealth v. Novak,* 233 Pa.Super. 236, 335 A.2d 773 (1975) (seven week old information stale); *Commonwealth v. Suppa,* 223 Pa.Super. 513, 302 A.2d 357 (1973) (16 day old information stale without evidence of continuing activity); *Commonwealth v. Bove,* 221 Pa.Super. 345, 293 A.2d 67 (1972) (34 day old information stale).

However, as the majority points out, "evidence of criminal activity at some prior time" may "support a finding of probable cause as of the date the warrant issues" if "it is also shown that the criminal activity continued up to or about that time." *Commonwealth v. Shaw, supra,* 444 Pa. at 113–14, 281 A.2d at 899.

In *Commonwealth v. Eazer, supra,* the Court said:

If, however, it is demonstrated that criminal activity *has in fact continued,* then the relevant information, in spite of its vintage, may not be deemed stale . . . .

Evidence, to demonstrate continuing conduct, must establish *actual continuity of the illegal enterprise.* A police officer's unsubstantiated impression that a particular

crime is of the sort which usually is continuing is not sufficient; nor may a magistrate issue a warrant upon such an impression.

*Id.*, 455 Pa. at 324, 312 A.2d at 399–400 (emphasis added; citations omitted).

*See also Commonwealth v. Jackson, supra; Commonwealth v. Nycz, supra; Commonwealth v. Hagen, supra; Commonwealth v. Suppa, supra.*

It is true that the affidavit reports the third informant as having told the affiant—on the day that the warrant was issued—that appellees "are dealing heavy in marihuana and Coke," "that cocaine is kept under a bed in the upstairs bedroom & that the marijuana is in a fishing tackle box," and that appellees "delivers *[sic]* both drugs and or beer on request." In quoting these statements, the majority emphasizes that they are in the present tense. At 641. However, the affidavit identifies the informant as someone who saw the drugs and beer "as recently as a month ago." Nothing suggests that his statements, albeit phrased in the affidavit in the present tense, were based on any information more recent than a month old.

Thus, the most recent information regarding *any* continuing activity was at least one month old. The majority, however, finds, at 641, that it was probable that appellees' illegal activities continued up to the time the warrant was issued because of "the nature of the criminal activity" and the fact that "a series of illegal acts [were] observed over a period of time." *Commonwealth v. Suppa, supra*, 223 Pa.Super. at 516 n. 1, 302 A.2d at 358 n. 1. I agree that probable cause may dissipate more slowly when the suspected illegal activity is the sale of drugs on a large scale—rather than possession of drugs—when there is evidence that the activity has continued over a substantial period of time in the past. I do not believe, however, that we can assume that such illegal enterprises continue indefinitely.

I should therefore affirm the order of the lower court.