445 A.2d 1214

**COMMONWEALTH of Pennsylvania**

v.

**John M. MAZZOCHETTI, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1980.

Filed April 2, 1982.

448.

450

Peter T. Campana, Williamsport, for appellant.

Elwood R. Harding, Jr., Assistant District Attorney, Bloomsburg, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is a consolidated appeal involving No. 144–1977, Columbia County, appealed at No. 2125 October Term 1979 and No. 134–1979, Columbia County, appealed at No. 2126 October Term 1979. The appeals are unrelated.

I. No. 2125 October Term, 1979.

Judge J. W. Myers, sitting without a jury, found appellant guilty of possession of marijuana and cocaine; and possession of marijuana with intent to deliver. After the denial of post-trial motions, appellant was sentenced to pay the costs of prosecution; to pay a fine of $2,000; and to undergo imprisonment for one to three years. He has filed this appeal, raising the four following arguments:

1. the case should have been dismissed upon Rule 1100(a)(2) as it was not brought to trial within 180 days after the filing of the complaint;

2. the evidence was insufficient to sustain the guilty verdicts;

3. the court improperly denied appellant's application for a representative sample of the alleged controlled substance for independent testing; and

4. Judge Myers improperly denied appellant's request to disqualify himself as trial judge.

Due to our resolution of appellant's first contention, we need not discuss his other three arguments at this time.

The complaint was filed on December 28, 1976. Under Rule 1100 the 180 day-period to bring appellant to trial expired on June 26, 1977. Trial commenced on March 15, 1978. On February 3, 1977, when the case was called for a preliminary hearing, appellant was represented by Attorneys Alan Ellis and Franklin E. Kepner. At that time he and both attorneys signed the following document:

> I, John Michael Mazzochetti, do hereby, upon the advice of counsel, Alan Ellis and Franklin E. Kepner, waive the 180 day trial requirement imposed by Pennsylvania Rule of Criminal Procedure 1100 and do further consent to a trial in my case arising under Complaint No. C–856–1976, filed in the office of Justice of the Peace Nickolas Piazza, of Magisterial District No. 26–302, at any time before or after the expiration of said period.

On May 11, 1977 prior to a hearing on a motion to suppress, counsel for appellant, with the Commonwealth concurring, advised the court that Rule 1100 had been waived. (N.T. 5/11/77, pp. 4–5). Appellant, appellee and the court refer to a later application to dismiss supposedly filed sometime after November 2, 1977 by successor counsel. No such petition is contained in the record as we find it before us. Nor does the docket entry page reflect that such a petition was ever filed. Furthermore, there is no discussion whatsoever dealing with such a petition contained in the notes of testimony. The only indications on the record that such a motion was presented is a one sentence order dated November 18, 1977 dismissing such a petition and a two paragraph discussion contained in the lower court's opinion disposing of post-trial motions.[1]

1. "Defendant contends that the Court erred by failing to provide him with a hearing on a motion to dismiss under Pa.R.Crim.P. No. 1100. In our view, however, the motion was properly dismissed without hearing.

■■■ On the current state of the record, we are unable to consider appellant's claim. The alleged Rule 1100 petition not appearing anywhere in the record or in the notes of testimony can not be reviewed. An appellate court must decide a case on the basis of facts of record and not on the allegations of fact contained in appellate briefs. *Marine Bank v. Huhta*, 279 Pa.Super. 130, 420 A.2d 1066 (1980); *Gee v. Eberle*, 279 Pa.Super. 101, 420 A.2d 1050 (1980). See *Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978).

Therefore, we must remand this case to the lower court, first to determine whether such motion to dismiss was ever presented; and second, if it was presented, to have the record completed to include such. See *Commonwealth v. Scott*, 276 Pa.Super. 478, 419 A.2d 558 (1980); *Commonwealth v. Walsh*, 252 Pa.Super. 111, 380 A.2d 1307 (1977). We retain jurisdiction to decide this appeal on the merits after the record has been completed.

II. No. 2126 October Term 1979.

Appellant was found guilty in a non-jury trial of possession of marijuana and cocaine with intent to deliver. Post-trial motions were denied and appellant was sentenced. Appellant here appeals from that judgment of sentence. Appellant presents three issues to this court:

1) Whether the search warrant relating to the search of appellant's premises was issued without a showing of probable cause?

2) Whether a nighttime search of appellant's premises and automobile was proper?

3) Whether the trial court erred in limiting cross-examination of a state police trooper concerning an informant?

The record in this case includes a valid Rule 1100 Waiver executed by the Defendant. There was, accordingly, no basis upon which to compel Commonwealth to establish an exclusion under Rule 1100 at a hearing. Furthermore, the Defendant's motion set forth no factual basis supporting the contention that the waiver was invalid. Under the circumstances, the motion was properly dismissed." (Opinion pp. 2–3)

1. The affidavit of probable cause accompanying the warrant required an additional page. According to the affiant, a confidential informant had a conversation with one Buckley. Buckley stated that he and one Andrezze would be going to appellant's residence to buy a quantity of marijuana. The two would be traveling in a black Jeep with blue flames on the doors driven by Buckley. The informant indicated that Andrezze would be dropped off at his (Andrezze's) home in Bloomsburg, Pennsylvania. According to Buckley, appellant claimed to have "a large amount" of marijuana for sale.

Subsequently, the affiant observed such a Jeep near appellant's residence traveling away from such residence. Two males occupied the vehicle; the passenger fitted the description of Andrezze. The Jeep proceeded toward Bloomsburg. Upon request of the State Police, Bloomsburg police stopped the Jeep and determined the driver was Buckley. No one else occupied the Jeep; the affiant did not see anyone leave the Jeep prior to discontinuing his surveillance of the vehicle.

The affidavit stated that the informant had been at appellant's residence on two previous occasions within the prior month and on one of those occasions he observed a garbage bag containing marijuana. A second informant indicated that appellant was involved in large sales of marijuana and other drugs.

The first informant was claimed to have been involved in an investigation which led to the arrest of three individuals for drug-related activities which resulted in the confiscation of large quantities of drugs. According to the affidavit such informer had supplied accurate information concerning drug trafficking in Columbia and Luzerne Counties. The affidavit concluded that appellant had a reputation of drug dealing including a conviction in Florida in 1974 and one in Columbia County resulting from an arrest in December 1976. The affiant, without specifying what information he received stated he had received information from a local police officer relative to appellant's drug trafficking.

Appellant argues that the affidavit was insufficient to establish probable cause because the reliability of the informant was not established and that much of the information supplied amounted to double hearsay.

To support a search warrant, an affidavit must provide a magistrate with sufficient information to persuade a reasonable person that there is probable cause for a search. While mere suspicion or conjecture is insufficient, "it is only the probability and not a prima facie showing that is required." *Commonwealth v. Minton*, 288 Pa.Super. 381, 385, 432 A.2d 212, 214 (1981) (cites deleted). *Commonwealth v. Forster*, 253 Pa.Super. 433, 385 A.2d 416 (1978). In reviewing an affidavit of probable cause we must consider it in its entirety, *Commonwealth v. Bryant*, 247 Pa.Super. 386, 372 A.2d 880 (1977), though a court may consider individual allegations. For example, a court may look to facts not closely related in time; and facts obtained from an informant. *Minton*, 288 Pa.Superior Ct. 394, 432 A.2d at 216.

Where an affiant relies on information from a confidential informant, the district justice must be apprised of: first, the informant's basis for concluding that a suspect possessed the illicit drugs; and second, the affiant's reasons for believing the informant to be reliable. *Commonwealth v. Prokopchak*, 279 Pa.Super. 284, 420 A.2d 1335, 1338 (1980); *Commonwealth v. Kaschik*, 235 Pa.Super. 388, 344 A.2d 519 (1975). As to the first part of the test appellant complains that the affiant relied on hearsay based on hearsay; that the informant relied on what Buckley told him and Buckley in part relied on what the appellant indicated to him.[2]

"[W]hen a magistrate receives an affidavit which contains hearsay upon hearsay, he need not categorically reject this double hearsay information. Rather, he is called upon to evaluate this information as well as all other information in the affidavit in order to determine

**2.** Actually this amounts to triple hearsay as the affiant relied on what the informant was told by Buckley regarding what appellant said. This clarification has no effect upon our resolution of appellant's contention.

whether it can be reasonably inferred 'that the informant had gained his information in a reliable way.'" *United States v. Smith*, 462 F.2d 456, 459 (8th Cir. 1972) (citations omitted.)

*Kaschik*, 235 Pa.Super. at 394, 344 A.2d 519. The court there went on to find that the informant's information had been gained in a reliable way as both links of the double hearsay chain were statements against the declarant's penal interest.

■ Contrary to appellant's interpretation of Buckley's statement, we find such was against his penal interest. There can be no doubt that appellant's alleged declaration that he had "a large amount" of marijuana for sale was against his penal interests, especially if relayed to the authorities. Appellant tends to overlook Buckley's claim that he was going to consumate a narcotics purchase with appellant and instead focuses on Buckley's statement regarding his planned route. Buckley's route is more pertinent to the second prong of the test. Buckley's desire to buy marijuana is definitely a statement against his interest, since if related to the police, he himself could have become a target of prosecution. Therefore we find the informer had a sufficient basis for his information.

■ As to the second prong of the test the magistrate must consider four factors: "(1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip?" *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973) quoted approvingly in *In re Burton*, 259 Pa.Super. 20, 23, 393 A.2d 696 (1978). "It is not necessary that all four factors be present before the warrant may issue. (citations omitted) Nor will the absence of any ... automatically preclude a finding that a substantial basis exists for crediting the hearsay." Id.

■ Applying the above to this case we make the following observation. While the state police were not able to corroborate whether Buckley intended to purchase drugs from appellant, they were able, by surveillance of the Jeep, to determine that the informant had conversed with Buckley, otherwise the informant while able to identify the Jeep and its occupants, could not have known its route. Therefore we find that the information was corroborated by this surveillance. Also appellant's prior "criminal record reveals prior criminal conduct similar to the offense in question, [which] is a factor to be considered ... in determining whether the informant's information is indeed reliable." *Commonwealth v. Herron*, 243 Pa.Super. 319, 334, 365 A.2d 871 (1976). Finally while the claim of the affiant that the "informant has been involved in an investigation which led to the arrest of three subjects and confiscations of large quantities" of drugs may be somewhat ambiguous and un-. specific, we find that the affidavit read as a whole does adequately support the affiant's belief that the informant was reliable.[3]

2. Appellant argues that the search warrant was executed at night time without an adequate showing of "reasonable cause" for a night time search.

Rule 2005(e), Pennsylvania Rules of Criminal Procedure provides:

Each search warrant shall:

.    .    .    .    .

(e) direct that the warrant be served in the daytime unless otherwise authorized provided that for purposes of the Rules of Chapter 2000, the term "daytime" shall be used to mean the hours of 6 a. m. to 10 p. m.;

The search warrant was obtained at approximately 9:30 P.M. (N.T. Suppression, p. 13). The search commenced at

---

**3.** Appellant claims the search of his car could not be justified by the "plain view" doctrine, as the police were not legally in a position to view the contents of the car as the search warrant was defective. As we find the warrant properly issued we need not address this contention.

9:35 P.M. (N.T. Suppression, p. 13) and concluded at approximately 10:45 P.M. (N.T. Suppression, p. 20). The search warrant was read and explained to appellant at 9:40 P.M. (N.T. Suppression, pp. 9, 54).

■ We disagree with appellant that this was a non-daytime search under Rule 2005. The rule requires the warrant *be served* between the hours of 6:00 A.M. and 10:00 P.M. The search warrant in this case was *served* before 10:00 P.M. though the search extended thereafter. Rules of Criminal Procedure are not to be applied so as to result in an absurdity. *Lower Merion Tp. v. Schenk*, 247 Pa.Super. 494, 372 A.2d 934 (1977). The rule places the emphasis on the time when the warrant is served not when the search is completed. To hold that "served" means the completion of the search would result in ridiculous situations.[4] Therefore we need not address the propriety of issuing a night time search warrant in this case. The comment to the rule explicitly permits a warrant authorizing a night time search be served in the daytime.

■ 3. Appellant finally complains that the suppression court "unlawfully curtailed his right" to cross examine a state trooper regarding the informer's prior record of informing. As we find the affidavit demonstrates the informant's reliability without relying upon prior information received from the informant, we need not address appellant's complaint. If the court did err, it was harmless beyond a reasonable doubt.

Appeal at No. 2125 October Term 1979 is remanded for proceedings not inconsistent with this Opinion.

Judgment of sentence appealed at No. 2126 October Term 1979 is affirmed.

CAVANAUGH, J., concurs in the result.

**4.** For instance, a warrant served during daylight or in the early evening with respects to premises and items requiring an extended search and/or inventory may require the search to run beyond 10:00 P.M., requiring under appellant's theory reasonable cause for a night time search.