477 A.2d 863

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Fred T. CORLETO, Jr.**

Superior Court of Pennsylvania.

Argued March 17, 1983.

Filed May 11, 1984.

Reargument Denied July 24, 1984.

Gail Thackeray, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

F. Fitzpatrick, Jr., Philadelphia, for appellee.

Before CERCONE, President Judge, and ROWLEY and HOFFMAN, JJ.

CERCONE, President Judge:

■ The Philadelphia Police Department obtained a search warrant for appellee's apartment. The warrant was executed and various controlled substances were discovered and seized. Appellee was arrested and charged with the manufacture, delivery and possession, with intent to deliver, of a controlled substance. Appellee filed a pre-trial motion to suppress the proceeds of the search. After a hearing,

the court suppressed the challenged physical evidence. The Commonwealth here appeals such ruling.[1]

The issue before us on this appeal is whether the application for the search warrant contained adequate probable cause for the issuance of the warrant. The affidavit which accompanied the search warrant established the following. A first time informant contacted the affiant and related that on the previous evening, the informant had been present in appellee's apartment with appellee, when appellee admitted a third party, who was not known to the informant. This third party inquired about the purchase of some cocaine. Appellee quoted a price and the third party counted out the requested amount and gave it to appellee. Appellee proceeded to an adjoining room returning a few minutes later with a clear plastic bag containing a white powder. Appellee gave the bag to the third party who then left the premises.

After receiving the above information, the affiant, later in the same day and also on two days subsequent to that, established a surveillance of the location described by the informant. On the first occasion, in a period of 45 minutes, the affiant observed three different individuals, on three separate occasions, knock on appellee's door. Each was admitted; remained for a few minutes; and then exited. On the second day of surveillance, in a matter of one hour and twenty-minutes, the affiant saw three persons, individually and at different times, knock at the suspected premises. Each was admitted, remained for a few minutes and then departed.

The affiant confirmed the name and address given by the informant by referring to the Philadelphia County Voter's Registration. Appellee was listed as the occupant of the suspected apartment. In light of the above occurrences, the affiant believed appellant was trafficking in controlled

1. Since it is clear that the current prosecution could not go forward without the suppressed controlled substances, the order suppressing such evidence is appealable. *See Commonwealth v. Price*, 318 Pa.Super. 240, 242 n. 1, 464 A.2d 1320, 1322 n. 1 (1983); *Commonwealth v. Lapia*, 311 Pa.Super. 264, 457 A.2d 877 (1983).

substances and sought the search warrant here under review. However, the suppression court disagreed finding the surveillance revealed "pedestrian activity, which [was] equally consistent with no criminal activity...."

The current standard for evaluating search warrants, which rely upon information received from unidentified informants, is the result of a recent evolution in criminal justice. This change was adequately reviewed by this court in *Commonwealth v. Price*, 318 Pa.Super. 240, 245, 464 A.2d 1320, 1323–24 (1983), from which we quote here:

> The United States Supreme Court recently abandoned, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the "two-pronged test" for evaluating the sufficiency of search warrant affidavits that had been established by its decisions in *Arguilar v. Texas*, [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d (1964)], and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and declared the decision of the majority of the court to "reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determination." *Id.* at 238, 103 S.Ct. at 2332. Citing, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The court observed in *Gates* that a totality of the circumstances approach "is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied by every informant's tip." *Id.* 462 U.S. at 230–231, 103 S.Ct. at 2328. Central to the probable cause standard is the idea that it is a "practical, non-technical conception," "a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." *Id.*

■ As was the case in *Price*, we may not fault the suppression court for not applying the "totality of the circumstances" approach, since that court did not have the

benefit of the *Gates* opinion. However, since the Commonwealth has preserved the suppression question, which was on direct appeal at the time *Gates* was handed down, *Price supra*, 318 Pa.Superior Ct. at 248–49, 464 A.2d at 1325, dictates that the Commonwealth be given the benefit of the *Gates* decision. Therefore, we must determine here whether, when applying the "totality of the circumstance" approach, the affidavit supplied probable cause for the search of appellee's apartment.

■ While a unknown informant's information may not by itself support a search warrant, where the supplied information can be corroborated a search warrant may properly issue *Commonwealth v. Salvaggio*, 307 Pa.Super. 385, 453 A.2d 637 (1982); *Commonwealth v. Marzel*, 291 Pa.Super. 553, 436 A.2d 639 (1981); *Commonwealth v. Slater*, 242 Pa.Super. 255, 363 A.2d 1257 (1976); *Commonwealth v. Bove*, 221 Pa.Super. 345, 293 A.2d 67 (1972). While few cases have addressed what is adequate corroboration under *Gates*, numerous cases have dealt with the problem under the *Aguilar/Spinelli* "two-prong test" which required a demonstration of his or her reliability. *Gates*, itself still recognized the importance of these two factors but does not restrict the inquiry solely to them. We therefore may look to prior cases for guidance.

Probably the most similar case on point factually, is *Commonwealth v. Tolbert*, 492 Pa. 576, 424 A.2d 1342 (1981). There a known reliable informant had observed a narcotic transaction at the apartment in question at an unspecified date in the past month. A police officer then conducted a surveillance of the premises. He observed three individuals knock on a window and then be admitted. Each remained inside for a few minutes and then departed. The court found that the knowledge supplied by the informant was not sufficiently current. *See Commonwealth v. Shaw*, 444 Pa. 10, 281 A.2d 897 (1971). Therefore the court in *Tolbert* concluded:

> [W]e find that at the time the magistrate issued the search warrant probable cause did not exist. *Only* if we

are willing to attribute significance to the officer's surveillance of 50 minutes during which time he observed three black men gain entry to the premises, remain approximately five minutes and then depart, can we uphold the issuance of this search warrant. Even if this activity were viewed as somewhat suspicious, it falls short of evidence of a probability of continuing criminal activity, and is certainly consistent with activity of law abiding citizens.

*Id.*, 492 Pa. at 580, 424 at 1344 (emphasis supplied).

However, the current situation may be distinguished from *Tolbert*. Here, there is no challenge as to the remoteness of the informant's observation. Surveillance was conducted both the day after and three days after the informant's observation. Application for the search warrant was made four days after the observation and the warrant was executed that same day. Therefore, unlike *Tolbert*, we must here evaluate the affidavit of probable cause in light of both the information supplied by the informant as well as the surveillance. In doing so we must keep in mind that:

[I]t is soundly established that an informer's report which itself fails to establish probable cause may be sufficiently corroborated by independent observation of a suspect's conduct, if the latter *tends to confirm the information* in the report or otherwise to support a conclusion that the suspect is engaged in committing a crime.

*United States v. Acarino*, 408 F.2d 512, 515 (2d Cir.1969), quoted in *Commonwealth v. Monte*, 459 Pa. 495, 507, 329 A.2d 836, 842 (1974) (emphasis in original). We must emphasize that we are concerned with observations which "tend to confirm the information" given by the informant. A number of cases have reviewed such corroborating circumstances. We believe that the "non-criminal activity" observed in this case *tended* to confirm the informant's report.

In *Commonwealth v. Monte, supra,* a tip regarding a gambling operation was confirmed by surveillance over several days. The suspect met with another individual at

the same time and place and passed on pieces of paper.[2] Whereas, in *Price, supra,* this court found that an anonymous tip was corroborated by a police officer who checked a number of crucial details, such as the address and phone number supplied by the informant. During surveillance, the officer overheard a discussion of prices and also smelled the odor of marijuana.

*Commonwealth v. Mazzochetti,* 299 Pa.Super. 447, 445 A.2d 1214 (1982) involved a situation where an actor made a declaration against his penal interest to an informant. While the police were unable to corroborate the statement, they were able, by surveillance, to determine that the informant had conversed with the suspect. The informant was able to identify the vehicle involved, its occupants and its planned route. The defendant also had a prior criminal record involving drug offenses. The unidentified citizen tipster in *Commonwealth v. Gelfont,* 264 Pa.Super. 96, 399 A.2d 414 (1979) was stated to be reliable because he had never been arrested, was gainfully employed and was a registered elector. The informant had observed in the defendant's control a large quantity of suspected controlled substance. The affiant confirmed the identity and listed occupant of the premises described by the informant.

In each of the above cases "innocent details" and/or conduct "consistent with activity of law abiding citizens" were used in whole or in part to confirm an informant's report of criminal activity, thus justifying the issuance for a search warrant. Affidavits for search warrants are to be interpreted in a common sense and realistic manner with a nontechnical attitude. *Commonwealth v. Edwards,* 493 Pa. 281, 426 A.2d 550 (1981); *Commonwealth v. Ryan,* 300 Pa.Super. 156, 446 A.2d 277 (1982). A magistrate's determination of probable cause should be given deference. *Id.* In reviewing such determination it

2. While the informant had a prior record of being reliable he or she did not provide any basis for his information. Also the suspect as well as the other participant, were reputed to be involved in such an operation.

should be remembered that while mere suspicion is inadequate, the affidavit need only set forth the probability, and not a *prima facie* case, of criminal activity. *Commonwealth v. Mazzochetti, supra; Commonwealth v. Forster,* 253 Pa.Super. 433, 385 A.2d 416 (1978). We hold that the current suppression court placed an overly restrictive burden upon the Commonwealth.

■ The affidavit repeated the details of the informant's first hand observation of a drug sale, and further revealed the results of surveillance thereafter which "tended" to support the information received. The affiant confirmed appellee's identity and residence independently of the informant. In light of the numerous persons who visited appellee's apartment for brief periods, which corresponded with the informant's description of one such visit, the district justice could reasonably conclude that appellee was probably conducting a drug trade from his apartment and therefore such controlled substance would probably be present there.

Order reversed, case remanded for trial.

Jurisdiction is Relinquished.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

The majority, relying on *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), determines that the lower court incorrectly suppressed evidence obtained as a result of a warranted search. Because I disagree that probable cause existed for the issuance of the warrant, I must dissent.

Although acknowledging that the *Gates* Court rejected the *Aguilar/Spinelli* "two-prong test", I note that *Gates* did not reject the need to consider an informant's reliability and basis of knowledge. These elements must now be considered "in a totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining

the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 2328. The Supreme Court further stated that the informant's "veracity", "reliability", and "basis of knowledge" "should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.* at 2327.

The affidavit in the instant case stated the following: On Thursday, 12–4–80 in the afternoon hours, I received information from a 1st time informant who stated that on WED. 12–3–80 in the evening hours, he did have occasion to be inside 2349 FAIRMOUNT AVE 3rd flr rear apt of FRED CORLETO Jr. w-m approx 40 yrs, and that while he was present inside this location, he did observe FRED CORLETO jr admit inside his residence an unknown w-m and that this unknown w-m asked FRED CORLETO jr, if he, unknown w-m could copy (buy) ½ oz. of COKE? Informant stated that FRED CORLETO jr told the unknown male, OK, $1000.00. Informant stated that the unknown male then counted out $1000.00 in US Currency and handed the money to FRED CORLETO jr. and then FRED CORLETO jr. then went to an adjoining room and returned about 2 minutes later and handed the unknown w-m 1 clear plastic baggie of white powder alleged controlled substance, Cocaine. As a result of this information, informant stated that FRED CORLETO jr. then walked the unknown male to the door and he, unknown male departed. As a result of this information, on Thursday, 12–4–80 between 9 pm and 9:45 pm I did conduct a surveillance of this location 2349 Fairmount ave. 3rd flr rear apt of FRED CORLETO jr. and during this time, I did observe 2 unknown w-m-s and 1 unknown w-f, all at different times, knock on the 3rd flr rear apt door of FRED CORLETO jr. and then each separately and at different times were admitted inside and each remained inside for approx 3–5 minutes and then each departed separately. On Saturday, 12–6–80, between 10:20 am and

11:30 am, I did conduct a second surveillance of 2349 Fairmount ave. and during this time I did observe 3 unknown w-m-s all at different times knock on the 3rd flr rear apt door of FRED CORLETO jr.—and each were admitted inside separately. As a result of this information and of the activity observed during surveillances, I do believe the above named male, FRED CORLETO jr. w-m approx 40 years of 2349 Fairmount ave erd [sic] flr rear apt to be engaged in the business of storing and selling narcotics and or dangerous drugs ...

The affidavit contains no premise upon which to find the informant reliable, *i.e.* he was a first-time informant, whose veracity was unknown and the basis for his knowledge was unascertained. Consequently, our review must focus on the sufficiency of the affiant's corroboration of the informant's tip to determine if that corroboration outweighs the lack of support for the informant's reliability or veracity.

The only corroboration mentioned in the instant affidavit involves the affiant's surveillance of appellee's residence and his viewing of several persons entering the premises, remaining for approximately three-to-five minutes and departing. In *Commonwealth v. Tolbert*, 492 Pa. 576, 424 A.2d 1342 (1981), which the majority feels compelled to distinguish, the affiant received a tip from a reliable informant whose previous tips had resulted in two narcotics arrests within the previous month. The Court found that other than a 50-minute surveillance of the defendant's residence, during which three men entered and left after five minutes, and which was conducted at an unspecified time after the informant's alleged observation, the affidavit failed to support a finding of probable cause. The Court concluded that, "[e]ven if this activity were viewed as somewhat suspicious, it falls far short of evidence of a probability of continuing criminal activity, and is certainly consistent with activity of law abiding citizens." *Id.*, 492 Pa. at 580, 424 A.2d at 1344. Here, the majority concludes that because the surveillance occurred almost contemporaneously with the affiant's receipt of the tip, the surveillance

sufficiently tended to confirm the informant's tip, resulting in a fair probability that a crime was being committed. (Majority Opinion at 526–527).

I agree with the majority's conclusion that here, unlike *Tolbert*, there is no challenge to the remoteness of the informant's observation. However, contrary to the majority, I find that the seemingly corroborative surveillance was not, by itself, sufficient to outweigh the paucity of the reliability surrounding the informant's tip. In the cases cited by the majority, *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836 (1974), and *Commonwealth v. Mazzochetti*, 299 Pa.Super. 447, 445 A.2d 1214 (1982), the conduct consistent with criminal activity was entirely more substantial than the "mere details" present in the instant affidavit. For instance, in *Monte*, the surveillance included the fact that the affiant overheard a discussion of drug prices and smelled marijuana. Here, by contrast, the surveillance supports activity consistent with that of law abiding citizens, and fails to rise much above the level of mere suspicious activity. Therefore, under the totality of the circumstances test, I conclude that the weak corroboration, coupled with the absence of support for the informant's reliability, does not amount to the required probable cause. Accordingly, I dissent.