603 A.2d 1072

COMMONWEALTH of Pennsylvania

v.

Derrick SINGLETON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 3, 1991.

Filed March 3, 1992.

Jeffry S. Pearson, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Derrick Singleton was tried non-jury and was found guilty of possession of cocaine and possession of cocaine with intent to deliver. Post-trial motions were denied, and Singleton was sentenced to serve a term of imprisonment for not less than three (3) years nor more than six (6) years and to pay a fine in the amount of fifteen thousand ($15,-000.00) dollars. On direct appeal from the judgment of sentence, Singleton argues that the trial court erred by refusing to suppress the cocaine and drug paraphernalia which had been seized by police from his apartment. More specifically, he contends that the warrant which authorized police to search his home was not supported by probable cause. Because we are satisfied that the search warrant was properly issued upon a showing of probable cause, we affirm the judgment of sentence.

The courts in this Commonwealth employ a "totality of the circumstances" test, as enunciated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for determining the existence of probable cause for the issuance of a search warrant. See: *Commonwealth v.*

*Gray,* 509 Pa. 476, 503 A.2d 921 (1985). See also: *Commonwealth v. Johnston,* 515 Pa. 454, 468, 530 A.2d 74, 80–81 (1987); *Commonwealth v. Flaherty,* 400 Pa.Super. 397, 401–402, 583 A.2d 1175, 1177 (1990); *Commonwealth v. Echevarria,* 394 Pa.Super. 261, 265, 575 A.2d 620, 622 (1990); *Commonwealth v. Silverman,* 373 Pa.Super. 274, 277, 541 A.2d 9, 10 (1988), *appeal dismissed,* 522 Pa. 510, 564 A.2d 160 (1989). This test was summarized by the Superior Court in *Commonwealth v. Carlisle,* 348 Pa.Super. 96, 501 A.2d 664 (1985), *affirmed,* 517 Pa. 36, 534 A.2d 469 (1987), in the following manner:

> The magistrate's determination that probable cause existed must be given deference. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527, 547 (1983); *Commonwealth v. Corleto,* 328 Pa.Super. 522, 528, 477 A.2d 863, 866 (1984). "[A] magistrate is not required to find a prima facie showing of criminal activity but rather the probability of criminal activity. While the inquiry is restricted to the four corners of the affidavit, the affidavit is to be interpreted in a common-sense and realistic fashion." *Commonwealth v. Gray,* 322 Pa.Super. 37, 46, 469 A.2d 169, 173 (1983) (citations omitted). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Miller,* 334 Pa.Super. 374, 382, 483 A.2d 498, 501–502 (1984), quoting *Illinois v. Gates, supra* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. See also: *Commonwealth v. Gray, supra* 322 Pa.Super. at 46–47, 469 A.2d at 173.

*Id.* at 100, 501 A.2d at 666.

On appeal, "[t]he duty of a reviewing court is to ensure that the magistrate had a 'substantial basis for concluding that probable cause existed.'" *Commonwealth v. Fromal,* 392 Pa.Super. 100, 114, 572 A.2d 711, 718 (1990), quoting

*Illinois v. Gates, supra,* 462 U.S. at 238–239, 103 S.Ct. at 2332–2333, 76 L.Ed.2d at 548. See also: *Commonwealth v. Gray, supra,* 509 Pa. at 484, 503 A.2d at 925. "[A] trial court's determination of probable cause is accorded the utmost deference on appeal." *Commonwealth v. Potter,* 350 Pa.Super. 61, 67, 504 A.2d 243, 246 (1986).

 In determining whether the warrant to search appellant's apartment was issued upon a showing of probable cause, we must confine our inquiry to the information recited within the four corners of the affidavit submitted in support thereof. See: Pa.R.Crim.P. 2003; *Commonwealth v. Edmunds,* 526 Pa. 374, 382, 586 A.2d 887, 891 (1991). Instantly, the affidavit of probable cause recited that Philadelphia Police Officer Karen Alba, the affiant, had received information from an office employee in the management office of the Southwark housing project to the effect that tenants had complained that a black male, who was known as "Fly," was selling cocaine from 1000 South 4th Street, Apartment 1003. The affidavit further recited that Officer Alba had received information from a reliable informant, who had provided information during the prior two months which had led to two narcotics arrests, that Fly, identified as Derrick Singleton, was selling top quality cocaine and would be hosting a drug party on December 31, 1988 at his apartment. Finally, the affidavit stated that Officer Alba, while conducting surveillance of the 1000 building of the Southwark project on December 30, 1988, had stopped and questioned three men in the lobby of the building. Knowing that the three males did not reside in the building, Alba had asked them where they were going. One of the males, Keith Arthur, had replied that he was going to visit Fly. Alba then had asked him if he was going to purchase drugs. Arthur had replied affirmatively, and asked Officer Alba what she was going to do about it.[1]

1. Officer Alba was assigned to the Southwark mini station, but the affidavit does not otherwise disclose whether she was in uniform at the time when she spoke with Keith Arthur.

Based upon the above information, as set forth in the affidavit of probable cause, a search warrant was issued on December 31, 1988 for Apartment 1003, 1000 South 4th Street, in the Southwark housing project in South Philadelphia. Upon executing the warrant, police seized two plastic bags containing 24.6 grams of cocaine, seventeen vials containing crack cocaine, numerous items of drug paraphernalia and three hundred and six dollars in cash.

Appellant's contention that the affidavit upon which the search warrant was issued had failed to establish probable cause was premised upon an averment that the information contained in the affidavit was hearsay and double hearsay, without any showing of the basis of knowledge of the various hearsay declarants. However, "[the law] is well settled that an affidavit may be based on hearsay and need not reflect direct personal observation of the affiant." *Commonwealth v. Klimkowicz*, 331 Pa.Super. 75, 80, 479 A.2d 1086, 1088 (1984). Indeed, "an affidavit which contains hearsay upon hearsay need not be categorically rejected. Rather, 'double hearsay' must be evaluated in conjunction with the other information in the affidavit to determine whether the information is reliable." *Commonwealth v. Klinedinst*, 403 Pa.Super. 605, 612, 589 A.2d 1119, 1123 (1991). See also: *Commonwealth v. Mazzochetti*, 299 Pa.Super. 447, 454–455, 445 A.2d 1214, 1218 (1982); *Commonwealth v. Kaschik*, 235 Pa.Super. 388, 394, 344 A.2d 519, 523 (1975). " '[A] "tip" from an unnamed informant can properly form the basis for probable cause, provided there is adequate evidence of the informant's credibility.' " *Commonwealth v. Carlisle, supra*, 348 Pa.Super. at 100, 501 A.2d at 666, quoting *Commonwealth v. Miller*, 334 Pa.Super. 374, 381, 483 A.2d 498, 501 (1984). Moreover, "[t]he credibility of an informant and the reliability of his or her information may ... be determined by independent corroboration of the tip." *Commonwealth v. Carlisle, supra*, 348 Pa.Super. at 101, 501 A.2d at 666.

When information is supplied by an anonymous citizen, as opposed to a confidential informant, the credibility of the

declarant and reliability of the information provided may be particularly difficult to ascertain. In this regard, the Pennsylvania Supreme Court has observed:

"Ordinary citizens, like ordinary witnesses, generally do not provide extensive recitations of the basis of their everyday observations. Likewise, ... the veracity of persons supplying anonymous tips is by hypothesis largely unknown, and unknowable.... Yet, such tips, particularly when supplemented by independent police investigation, frequently contribute to the solution of otherwise "perfect crimes." While a conscientious assessment of the basis for crediting such tips is required by the Fourth Amendment, a standard that leaves virtually no place for anonymous citizen informants is not."

*Commonwealth v. Gray, supra,* 509 Pa. 476, at 483–484, 503 A.2d at 925, quoting *Illinois v. Gates, supra,* 462 U.S. at 237–238, 103 S.Ct. at 2331–2332, 76 L.Ed.2d at 548 (citations omitted). See also: *Commonwealth v. Price,* 318 Pa.Super. 240, 250, 464 A.2d 1320, 1326 (1983). It is also true that "the reliability of an informant may be established by the corroboration of another source, such as an additional informant." *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 10, 539 A.2d 1291, 1295 (1988). See also: *Commonwealth v. Jones,* 506 Pa. 262, 271, 484 A.2d 1383, 1388 (1984); *Commonwealth v. Reel,* 499 Pa. 381, 387, 453 A.2d 923, 925 (1982); *Commonwealth v. Edwards,* 493 Pa. 281, 290, 426 A.2d 550, 554 (1981). Thus,

"[w]hen two **independent** informants both supply the same information about a particular crime to the police, each source tends inherently to bolster the reliability of the other. Although the information supplied by one questionable source may be insufficient, the probability is extremely small that a second independent source would supply identical information if it were not probably accurate."

*Commonwealth v. Sudler,* 496 Pa. 295, 306, 436 A.2d 1376, 1381 (1981), quoting *Commonwealth v. Mamon,* 449 Pa. 249, 259, 297 A.2d 471, 477 (1972). See also: *Common-*

*wealth v. Bruner,* 388 Pa.Super. 82, 94–95, 564 A.2d 1277, 1283 (1989). Such corroboration by independent sources "produces the necessary reliability to establish probable cause." *Commonwealth v. Karns,* 389 Pa.Super. 58, 62, 566 A.2d 615, 617 (1989).

In the instant case, the double hearsay complaints by other tenants that appellant was selling cocaine from his apartment were corroborated by information provided to Officer Alba by a confidential informant. Further corroboration was provided when Officer Alba stopped Keith Arthur, who was on his way to visit appellant and who admitted to the officer that he was going there to purchase drugs. The fact that this statement was against Arthur's penal interest also supports the reliability thereof. See: *Commonwealth v. Ceriani,* 411 Pa.Super. 96, ——, 600 A.2d 1282, 1285 (1991). See also: *Commonwealth v. Covert,* 322 Pa.Super. 192, 194, 469 A.2d 248, 249 (1983); *Commonwealth v. Mazzochetti, supra,* 299 Pa.Super. at 455, 445 A.2d at 1218.

In holding that probable cause was established, the trial court here reasoned that "[w]hile the information supplied by the undisclosed manager of the building complex emanated from [ ] tenants and in and of itself would be insufficient, this coupled with the information supplied by the informant and the individual that Officer Alba confronted in the apartment lobby on December 30, 1988, ... was sufficient under the totality of the circumstances test [to] warrant the [Bail] Commissioner in issuing the search warrant." We agree. When the affidavit is viewed in a common sense, nontechnical and realistic manner, as we are required to do, it seems clear that probable cause was established. Therefore, the trial court did not err when it denied a defense motion to suppress evidence seized by police during the search of appellant's apartment.

The judgment of sentence is affirmed.