480 A.2d 313

**COMMONWEALTH of Pennsylvania**

v.

**Randy HEALEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 17, 1984.

Filed Aug. 10, 1984.

Leonard I. Sharon, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence entered June 11, 1982 in the Court of Common Pleas of Allegheny County.

On December 16, 1980, a search warrant was issued for appellant's residence at 5819 Wellesley Avenue, Pittsburgh, to enable Pittsburgh Police detectives to seize cocaine, marijuana, and instruments used to package and administer these drugs. The probable cause section of the warrant included evidence of the detective's reasonable belief that the above-mentioned drugs were in the appellant's possession at his apartment, stating that:

The affiant detective received the following information from a reliable and confidential source. This source states that within the past 48 hours the informant and an acquaintance were in the above described residence of Randy Healy [sic] and did observe Randy and an unknown white male weighing a white powder which Randy stated was good coke "cocaine." After weighing out approx. an ounce, the unk. white male then gave Randy a large sum of U.S. currency for the cocaine. The informant also observed Randy packaging cocaine into gram lots which Randy stated were for street distribution. The informant's acquaintance did purchase a gram of cocaine from Randy for $120.00. This incident all took place after 10 p.m. and Randy stated that the best time to buy off of him was after 10 p.m. for this is when he deals. A check with the ID section revealed that Randy Healy [sic] has a prior arrest for VUFA, and the informant stated that Randy has several guns in the apt. which the informant did observe within the past 48 hours. Informant has proven to be reliable by giving information which has led to the arrest and conviction of Jerome Gerber on 2–1–75 and Gary Kelly in 1975. Both actors were arrested for controlled substances and convicted of same.

Structured upon the above, a magistrate found that probable cause existed for a search of appellant's apartment.

At approximately 7:30 p.m. on December 16, 1980, four Pittsburgh police officers went to appellant's apartment. Upon arrival, they found appellant standing in front of his apartment building loading various articles into the trunk of his car. Detective Richard Barrett then approached appellant, identified himself, and informed appellant that he had a search warrant for his apartment. Appellant requested to see the warrant and Detective Barrett complied, whereupon the four detectives accompanied appellant to his apartment. Once inside, the detectives seized 1,108.51 grams of marijuana, 12.945 grams of cocaine, certain items used to cut and free-base cocaine, a gun, and $3,075.00. As soon as these items were discovered, the detectives placed both

appellant and his wife under arrest and advised them of their *Miranda* rights. Appellant, at this time, made a statement to the detectives that the contraband was strictly his and not his wife's.

Appellant attempted to suppress the incriminating evidence based upon the allegation that the confidential informant was not reliable due to the fact that the informant had last provided information to the police in 1975. Appellant specifically contends that the period between his prior assistance to the police which led to two arrests and convictions in 1975 and his information in the present case renders the informant unreliable.

Appellant's suppression motion was denied and he proceeded to trial where he was found guilty of two counts of possession of a controlled substance and two counts of possession with intent to deliver a controlled substance. Subsequently, appellant's Motion for a New Trial and/or Arrest of Judgment was denied and the court sentenced appellant to a period of incarceration of eleven and one-half to twenty-three months.

Appellant's sole issue on appeal is whether the confidential informant satisfied the reliability requirement of probable cause in that the informant had last supplied information to the police in 1975, approximately five and one-half years prior to this incident. The United States Supreme Court recently enunciated the new standard to be applied in determining whether sufficient probable cause is present for the issuance of a warrant:

> For all these reasons, we conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* [*v. State of Tex.*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)] and *Spinelli* [*v. U.S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)]. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. *See Jones v. United States* [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)]; *United States v. Ventresca* [380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)];

*Brinegar v. United States* [338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) ]. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *Jones v. United States, supra,* 362 U.S., at 271, 80 S.Ct. at 736. We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from *Aguilar* and *Spinelli.* (footnote omitted).

*Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983). The Supreme Court also held in *Illinois v. Gates, supra,* that "reliability" and "basis of knowledge" should not be understood as separate and independent requirements but, rather, as "closely intertwined issues that may usefully illuminate the common sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Gates, supra* at 230, 103 S.Ct. at 2328. This standard has been recently adopted by this Court to be applied retroactively. *See Commonwealth v. Ensminger,* 325 Pa.Super. 376, 473 A.2d 116 (1984); *Commonwealth v. Gray,* 322 Pa.Super. 37, 469 A.2d 169 (1983); *Commonwealth v. Moore,* 221 Pa.Super. 1, 467 A.2d 862 (1983); *Commonwealth v. Sorrell,* 319 Pa.Super. 103, 465 A.2d 1250 (1983); *Commonwealth v. Price,* 318 Pa.Super. 240, 464 A.2d 1320 (1983).

In the present case, the facts that appeared on the search warrant for the informant's "basis of knowledge" are as follows: the informant and a companion within forty-eight hours of the application of the search warrant had been in

appellant's apartment and had witnessed the sale by appellant of cocaine to two individuals. Also, the informant stated that appellant told him that the best time to purchase drugs from him was after 10:00 p.m. Further, appellant had several firearms in his possession and it had been noted that appellant had a prior arrest for a firearms violation.

■ Appellant relies heavily on his analysis of the *Aguilar* and *Spinelli* decisions. As previously noted, the new standard for the determination of probable cause is a practical, common sense approach to determine whether, given all the circumstances set forth in the affidavit before the magistrate, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing] that probable cause existed." *Gates, supra* 462 U.S. at 238–239, 103 S.Ct. at 2332.

■ However, even if *Aguilar* and *Spinelli* remained the standard for determining probable cause, we believe that a passage of five years does not render an informant unreliable. As an illustration of this fact, we create the following scenario: if a person were told five years ago by an individual who was associated with the criminal element that he was going to be assaulted and the assault in fact occurred, it is likely that if similar information were received from the same source five years later including the exact time and location, this information would be considered reliable. We submit that the manner by which appellant may attempt to prove the informant unreliable is to inquire of the police officer making the application for the search warrant, whether the informant, within the five year period which has elapsed since his last rendering reliable information, has given unreliable information to the police.

■ We find that, based upon the information supplied in the probable cause section of the application for the search

warrant, this information satisfies the "totality of the circumstances" standard enunciated in *Illinois v. Gates, supra,* as well as the stricter *Aguilar-Spinelli* test. See *Commonwealth v. Chandler,* 505 Pa. 113, 477 A.2d 851 (1984).

Judgment of sentence affirmed.