491 A.2d 879

COMMONWEALTH of Pennsylvania, Appellant,

v.

Byron SHEPPARD.

Superior Court of Pennsylvania.

Argued Sept. 20, 1983.

Filed April 4, 1985.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Jeff Shender, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

■ This is an appeal by the Commonwealth [1] from the order of the court below suppressing: (1) an out-of-court photographic identification of appellee, Byron Sheppard; (2) physical evidence seized incident to appellee's arrest; and (3) appellee's inculpatory post-arrest statement. With the exception of the lower court's order pertaining to the photographic identification, we reverse.

The relevant events giving rise to this appeal are as follows. On February 14, 1981, at approximately 5:45 p.m., two businessmen, Jerome Metz and Mark Hirschman, were assaulted and robbed while they were attempting to deposit approximately $10,000.00 in cash and checks at the Industrial Valley Bank on Chestnut Street in Philadelphia. That evening Mr. Metz examined police "mug books," but he could not positively identify any of the perpetrators. On March 9, 1981, Mr. Metz was shown an additional array of photographs and positively identified Sheppard as one of the felons. Based on this identification an arrest warrant was obtained for Sheppard. The warrant was executed on March 21, 1981, when Sheppard was discovered to be in custody under an assumed name on another charge. A pair of glasses was seized incident to Sheppard's arrest as they were similar to the description of those worn by one of the

1. As the Commonwealth has certified that the order in question substantially handicaps the prosecution, this appeal is properly before us. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

perpetrators. After his arrest, Sheppard waived his *Miranda* rights and gave a knowing, intelligent and voluntary statement acknowledging his involvement in the robbery and identifying Adrian Miles as one of his co-conspirators.[2] This information led to Miles' arrest and a statement by him.

Sheppard, who was charged with robbery and related offenses, filed a motion to suppress out-of-court and in-court identification testimony, the glasses, and his statement. Following a consolidated suppression hearing for Sheppard and Miles,[3] the lower court found as a fact that the Commonwealth had failed to preserve the photographic array from which Mr. Metz had identified Sheppard on March 9, 1981. Based on our decision in *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974), the suppression court held that the failure to preserve the exact array rendered the out-of-court identification testimony inadmissible. The court did find, however, that an independent basis existed for Mr. Metz to make an in-court identification of Sheppard.

Notwithstanding the finding of an independent basis for an in-court identification, the suppression court held that the out-of-court identification, which had to be suppressed under *Jackson*, illegally tainted every event that followed. In other words, the court found that the out-of-court identification was the linchpin without which there was not probable cause for Sheppard's arrest. The court then reasoned that Sheppard's arrest and statement which led to Miles' arrest and statement were "the fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Consequently, the court granted Sheppard's motion to suppress the out-of-court photographic identification, the glasses seized incident to his arrest,

2. Sheppard also identified the third participant in the robbery.

3. Miles challenged the admissibility of his statement.

and his statement. In addition, Miles' statement was also suppressed. This appeal followed.[4]

■ In *Commonwealth v. Jackson, supra,* we held that where the Commonwealth fails to produce at the suppression hearing the photographic array which resulted in an out-of-court identification, the defendant's right to due process of law is violated. *See also Commonwealth v. Hodge,* 246 Pa.Super. 71, 369 A.2d 815 (1977). In order to protect the defendant's due process rights, we deemed it an appropriate sanction that the evidence of the photographic identification be suppressed. This prophylactic exclusionary rule was fashioned not because we presumed that the identification procedure was suggestive, but rather because we recognized that failure to produce the photographic array made it virtually impossible to determine whether the identification procedure was in fact suggestive. The question presented by this appeal is: Whether the failure to preserve and produce the photographic array—the showing of which resulted in an identification providing probable cause for an arrest warrant—mandates suppression of all evidence obtained subsequent to appellee's arrest? We hold it is does not. We believe suppression of the out-of-court identification is sufficient sanction for the Commonwealth's failure to preserve and produce the photo array. While we refuse the Commonwealth's request to reverse *Jackson* in light of *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), we draw support for our decision from that case.

■ In *Brathwaite,* the court held that the Due Process Clause of the Fourteenth Amendment does not require the exclusion of pretrial identification evidence obtained by a procedure that is both suggestive and unnecessary, provided, under the totality of the circumstances, the identification is reliable. In reaching this decision, the court pertinently observed: "Unlike a warrantless search, a suggestive preindictment identification procedure does not in itself intrude upon a constitutionally protected interest. Thus,

4. The Commonwealth has taken a separate appeal from the suppression order relative to Miles.

considerations urging the exclusion of evidence derived from a constitutional violation do not bear on the instant problem." *Id.* at 113 n. 13, 97 S.Ct. at 2252 n. 13. Consequently, even were we to assume that the instant pretrial identification was in fact suggestive, it is apparent that none of appellee's constitutional rights were abridged incident to that identification which provided probable cause for his arrest. Moreover, it settled that probable cause for arrest can be based on evidence which is not admissible at trial. *U.S. v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Commonwealth v. Turner,* 478 Pa. 613, 387 A.2d 657 (1978) (plurality opinion); *see also Commonwealth v. Moore,* 321 Pa.Super. 1, 467 A.2d 862 (1983).

■ In view of the foregoing, we have no hesitancy in concluding that probable cause for an arrest may be based on a pretrial photographic identification even though that identification is subsequently suppressed because of the Commonwealth's failure to comply with *Commonwealth v. Jackson, supra. Cf. Commonwealth v. Moore, supra.* This decision is particularly appropriate in the instant case given the lower court's finding that notwithstanding the violation of *Jackson,* the identifying witness, Metz, had an independent basis for making an in-court identification of appellee. Indeed, the finding of an independent basis for an identification supports the conclusion that Metz' ability to identify appellee was not the product of any putative illegality and, therefore, could not conceivably taint the arrest.

■ In sum, we hold that the Commonwealth's failure to produce the photographic array at the suppression hearing precludes evidence at trial regarding the out-of-court identification. We further hold, however, that failure to produce the array did not invalidate appellee's judicially authorized arrest. Accordingly, the lower court erred in suppressing the physical evidence seized incident to appellee's arrest and his post-arrest statement.

Order affirmed in part and reversed in part. Remand to the trial court. Jurisdiction is relinquished.