501 A.2d 664

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Christine CARLISLE, Loretta Marinacci, Appellees.**

Superior Court of Pennsylvania.

Submitted April 9, 1985.

Filed Nov. 29, 1985.

98

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Yaier Y. Lehrer, Pittsburgh, for appellees.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

WIEAND, Judge:

This appeal by the Commonwealth from an order suppressing evidence of a gambling operation seized by police during execution of a search warrant requires that we determine (1) whether the affidavit recited facts sufficient to constitute probable cause, and (2) whether the premises to be searched were described in the warrant with sufficient particularity. We conclude that the search warrant was valid and reverse the order of the trial court suppressing evidence seized by the police.

On May 9, 1983, police applied for a warrant to search. The application described the premises to be searched as "9935 Frankstown Rd. Penn Hills Pa. This is a two story frame house with red and grey shingles and cedar shakes on front, white trim and front porch." The probable cause for the warrant was stated as follows:

The affiants have received information from a reliable informant who has provided information in the past that has resulted in the arrest of Thomas Morrison in Feb. 1981 and also the arrest and conviction of Neil Harrington in July 1981 for lotterys [sic]. This informant has stated that he plays numbers with an actor known as Bud by calling the number 241–1966 or 241–1967. He states that he calls these numbers at various times during the day. He also states that he has placed number bets with the actor as recent as 5-9-83. The informant states that he only knows the actor as Bud. *Dets. from the Vice Control Section checked the above numbers and found that 241–1966 goes to Sue Fletcher, 9935 Frankstown Rd. Penn Hills, 1st fl. apt. 1. The number 241–1967 is listed to Carol Sheehan of the same address and apartment.* These numbers were checked with Bell Telephone security. Dets. from the Vice Control Section called these numbers on various occasions during the past week and found them usually busy and when someone did answer it was on the first ring. The affiants have been assigned to the Vice Section for aprox [sic] 5 years and the above pattern is consistent with a numbers operation.

(Emphasis added.) Christine Carlisle and Loretta Marinacci were present in apartment #1 when the warrant was executed on May 9th. Seized, among other things, were numbers sheets, owe sheets, a log book, and telephones bearing the telephone numbers stated in the warrant application. Thereafter, Carlisle and Marinacci were arrested and charged with criminal conspiracy and conducting a lottery. They filed a joint motion to suppress the evidence seized on May 9th. An evidentiary hearing was held, and

on September 9, 1983, the court granted the motion. The Commonwealth appealed.[1]

 The magistrate's determination that probable cause existed must be given deference. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527, 547 (1983); *Commonwealth v. Corleto,* 328 Pa.Super. 522, 528, 477 A.2d 863, 866 (1984). "[A] magistrate is not required to find a prima facie showing of criminal activity but rather the *probability* of criminal activity. While the inquiry is restricted to the four corners of the affidavit, the affidavit is to be interpreted in a common-sense and realistic fashion." *Commonwealth v. Gray,* 322 Pa.Super. 37, 46, 469 A.2d 169, 173 (1983) (citations omitted). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Miller,* 334 Pa.Super. 374, 382, 483 A.2d 498, 501–502 (1984), quoting *Illinois v. Gates, supra* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. See also: *Commonwealth v. Gray, supra* 322 Pa.Super. at 46–47, 469 A.2d at 173.

 "[A] 'tip' from an unnamed informant can properly form the basis for probable cause, provided there is adequate evidence of the informant's credibility." *Commonwealth v. Miller, supra* 334 Pa.Super. at 381, 483 A.2d at 501. See also: 68 Am.Jur.2d *Searches and Seizures* § 65 (1973). Reliability is sufficiently shown by past investigative leads which proved reliable and accurate. *Commonwealth v. White,* 311 Pa.Super. 146, 152, 457 A.2d 537, 539 (1983). The passage of time following the last offering of

1. This appeal is proper. The Commonwealth has certified that the order in question substantially handicaps prosecution. See: *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985); *Commonwealth v. Sheppard,* 341 Pa.Super. 403, 491 A.2d 879 (1985).

information does not render an informant unreliable. *Commonwealth v. Healey*, 331 Pa.Super. 199, 204, 480 A.2d 313, 316 (1984) (five years). The credibility of an informant and the reliability of his or her information may also be determined by independent corroboration of the tip. See: *Commonwealth v. Gray, supra* 322 Pa.Super. at 47, 469 A.2d at 174; *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973). The affidavit, however, need not meet all these criteria. *Commonwealth v. Gray, supra.*

■ The affidavit in the instant case contained information which was adequate to establish the reliability of the informant. He told police that he had placed recent bets, one earlier on the same day, by calling telephone numbers which police traced to apartment # 1 at 9935 Frankstown Road, Penn Hills. The informant had proved himself reliable on at least two prior occasions. This was itself adequate to demonstrate reliability and show probable cause to believe that an illegal gambling operation was being conducted. The police, however, attempted to corroborate this information by placing calls of their own. These calls disclosed a pattern consistent with a numbers operation. The fact that the pattern may also have been consistent with a lawful use of the telephone did not destroy the probable cause established by information derived from the informant. See: *Commonwealth v. Corleto, supra* (innocent details and/or conduct consistent with activity of law abiding citizens may confirm an informant's tip).

The warrant issued by the magistrate was stated expressly to be for premises described in the application. The premises described in the application were a two story frame house, but the statement of probable cause further restricted the premises being used to conduct a gambling operation to "1st fl. apt. 1." In executing the warrant, the police searched only apartment # 1 on the first floor, where they discovered and seized the evidence suppressed by the pre-trial hearing court.

█ The general rule is that "a search warrant directed against a[n] ... apartment house, or other multiple-occupancy structure will be held invalid for lack of specificity if it fails to describe the particular room or subunit to be searched with sufficient definiteness to preclude a search of other units." 68 Am.Jur.2d *Searches and Seizures* § 77 (1973). Where "the description provided is precise enough to enable the executing officer to ascertain and identify, with reasonable effort, the place intended, and where probable cause exists to support the search of the area so designated, a warrant will not fail for lack of particularity." *In re Search Warrant B–21778*, 341 Pa.Super. 350, 359, 491 A.2d 851, 856 (1985). See also: 68 Am.Jur.2d *Searches and Seizures* §§ 74, 77 (1973). When the application in this case is viewed in a common sense and realistic manner, as we are directed,[2] it is clear that the warrant was not invalid for lack of specificity. The address was ascertained and the house described. The apartment in which the illegal gambling operation was being conducted was described as apartment one on the first floor. A warrant issued for the premises so described did not fail for lack of a specific description of the premises to be searched.

The only apartment searched, moreover, was apartment one on the first floor. Even if the warrant be interpreted as authorizing too extensive a search, therefore, it is apparent that the appellee-occupants of apartment # 1 were not aggrieved thereby. See: *Commonwealth v. Yucknevage*, 257 Pa.Super. 19, 390 A.2d 225 (1978).

We conclude, for these reasons, that the suppression court erred when it held the search warrant invalid and suppressed evidence of an illegal gambling operation seized during the execution of such warrant.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

2. See: *Commonwealth v. Stamps*, 493 Pa. 530, 537, 427 A.2d 141, 144 (1981); *Commonwealth v. Edwards*, 493 Pa. 281, 290, 426 A.2d 550, 554 (1981).