## Commonwealth v. Jones

*Lindsay S. Maider, assistant district attorney,* for the Commonwealth.
*Richard S. Wasserbly,* for defendant.

RUFE, *J.,* March 2, 1992—This case involves an appeal by the Commonwealth in the above captioned matter following a suppression hearing on August 22, 1991. The basis of the Commonwealth's appeal is that the suppression order substantially handicaps the prosecution of the Commonwealth's case.

On February 7, 1991, Detective Robert Potts from the Bucks County District Attorney's Office received a telephone call from an informant (hereinafter "informant 1") housed at the Bucks County Correctional

Facility. The inmate informed him that on two prior occasions within the preceding two months, another inmate, (hereinafter "informant 2") obtained cocaine from the defendant, Beatrice Jones a/k/a Kitty Jones. He also stated that she was black, employed as a Bucks County Corrections Officer at the County Prison and worked on the 2 p.m. to 10 p.m. shift in G-Module. The detective was told by informant 1 to contact informant 2 for the particulars.

During a telephone conversation with the detective on February 1, 1991, informant 2 indicated that on two prior occasions, one-eighth ounce of cocaine was delivered to him by the defendant which was wrapped in a plastic packet concealed inside a bottle of "Afta" after-shave lotion. On both occasions, a friend of informant 2 delivered approximately $230 in cash to Ms. Jones in exchange for the drugs. These exchanges occurred outside of the institution.

Informant 2 also informed Detective Potts that a meeting with the defendant had been arranged for Thursday, February 14, 1991. At that time, he intended to purchase one-sixteenth ounce of cocaine which he also expected would be concealed inside an "Afta" container. It was also agreed that on Wednesday, February 13, 1991, payment in the form of a gold nugget bracelet valued at approximately $250 would be delivered to the defendant at a bar in Philadelphia. Thereafter, Detective Potts visited the facility and spoke with Warden Nesbitt who confirmed that a black female corrections officer worked the 2 p.m. to 10 p.m. shift in G-Module, the same location as informant 2. The officer's name was Beatrice Jones who was also known among the prison population and employees as Kitty Jones.

Based on this information, the detective requested a search warrant to be served and executed on the de-

fendant upon her arrival at the facility on February 14, 1991. The warrant was issued by President Judge Isaac S. Garb on February 13, 1991. As a result of the search, a bottle of men's "Afta" containing a glassine bag inserted in a balloon and concealed inside the bottle was seized. A gold nugget bracelet was also seized from the trunk of the defendant's automobile. Thereafter, she was placed under arrest.

Defendant filed pre-trial motions seeking to exclude the fruits of the search, including but not limited to the gold bracelet seized from the defendant's trunk. She also sought to exclude incriminating statements made by her at the time of the arrest which she contends were made in the absence of *Miranda v. Arizona,* 384 U.S. 436 (1966), warnings. She also maintains that they were "fatally tainted" by the unlawful search.

At the suppression hearing, Detective Potts testified he knew that informant 1 was previously convicted of an offense crimen falsi specifically, giving false reports to law enforcement officers. He also testified that informant 2 was previously convicted of a similar offense, unsworn falsification.

In passing on this motion to suppress, we recite the well-established legal principle that a governmental search conducted without probable cause violates the Fourth Amendment to the U.S. Constitution. *Commonwealth v. Bentley,* 276 Pa. Super. 41, 419 A.2d 85 (1980); *Katz v. United States,* 389 U.S. 347 (1967). Absent exigent circumstances, a search is reasonable only if it is conducted pursuant to a valid search warrant or upon a showing of probable cause. Pa.R.Crim.P. 2003(a); Pennsylvania Constitution, article I, section 8, U.S. Constitution, Amendments 4 and 14. It is also well-settled that the issuing authority must determine whether probable cause exists at the time of its issuance.

*Commonwealth v. Stamps,* 493 Pa. 520, 427 A.2d 141 (1981); *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Hutchinson,* 290 Pa. Super. 254, 434 A.2d 740 (1981). This determination must be made based on the facts described within the four corners of the supporting affidavit. Pa.R.Crim.P. 2003; *Commonwealth v. Milliken,* 450 Pa. 310, 300 A.2d 78 (1973).

Prior to 1983, the generally accepted standard for reviewing affidavits of probable cause in this Commonwealth was enunciated in *Aguilar v. Texas,* 378 U.S. 108 (1964) and *Spinelli v. United States,* 393 U.S. 410 (1969). Under the two prong Aguilar-Spinelli test, the issuing authority had to be able to determine from the face of the affidavit (1) the basis of the informant's knowledge and, (2) independent facts showing the reliability of the informant. *Commonwealth v. Stamps,* 493 Pa. at 536, 427 A.2d at 143; *Commonwealth v. Simmons,* 450 Pa. 624, 626, 301 A.2d 819, 820 (1973).

In *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985), Pennsylvania courts abandoned the Aguilar-Spinelli test in favor of a more flexible "totality of the circumstances" test set forth in *Illinois v. Gates,* 462 U.S. 213 (1983). The *Gates* court overturned an Illinois ruling which held that an anonymous letter informing the police that the respondents were engaged in drug trafficking was inadequate to sustain a probable cause determination. In reaching their decision, the court stated that the task of the issuing authority is to make a "practical, common-sense decision whether given all circumstances set forth in the affidavit" probable cause exists. *Gates* has been consistently followed in Pennsylvania courts. *Commonwealth v. Silverman,* 373 Pa. Super. 274, 541 A.2d 9 (1988). *Commonwealth v. Healey,* 331 Pa. Super. 199, 480 A.2d 313 (1984);

*Commonwealth v. Sorrell,* 319 Pa. Super. 103, 465 A.2d 1250 (1983); *Commonwealth v. Rodriguez,* 379 Pa. Super. 24, 549 A.2d 578 (1988); *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 539 A.2d 1291 (1988).

We are also guided by the long-standing principle that independent police investigation or the corroboration of an additional informant may establish reliability in cases where an informant's reliability is questionable. *Illinois v. Gates,* 462 U.S. at 242. In *Commonwealth v. Lemanski,* 365 Pa. Super. 332, 529 A.2d 1085 (1987), the court ruled that failure to corroborate an informant's tip through independent corroboration by the police so tainted the reliability of an informant's tip that the denial of suppression was reversed and in *Commonwealth v. Sorrell,* 319 Pa. Super. 103, 465 A.2d 1250 (1983), the court held that the absence of corroboration precluded a probable cause finding.

Detective Potts testified that he knew of informant 2's crimen falsi convictions, although he was unaware of informant 1's similar convictions. Reliability of informant 1 was dependent upon reliability of informant 2. Detective Potts could have easily and quickly searched informant 1's criminal record. He should have revealed all such information to the issuing authority. Failure to do so amounted to concealment of pertinent information which the issuing authority was entitled to consider. A police affiant has a duty to disclose facts in his possession bearing on an informant's unreliability as well as facts bearing on reliability. *Franks v. Delaware,* 438 U.S. 154, 171 (1978). We did not find that Detective Potts deliberately sought to mislead the issuing authority in failing to disclose the convictions crimen falsi, but we believed such failure to disclose constituted a reckless disregard for the truth which tended to mislead the issuing authority. See,

356

*United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980), *cert. denied*, 449 U.S. 824 (1980); where court permitted defendants to challenge affidavits on the ground that material facts were omitted; see also, *United States v. Stanert*, 762 F.2d 775, 780-781 (9th Cir. 1985), where the court held that a defendant may challenge a warrant affidavit when it contains deliberate or reckless omissions of facts that tend to mislead; *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984), where court applied *Franks, supra,* rationale to omissions from probable cause affidavits.

We found, pursuant to *Franks,* that the failure to investigate informant 1's background and the omission of informant 2's history of crimen falsi from the face of the probable cause affidavit rendered the search warrant defective and fell within the scope of *Franks.* Where a court finds as we do that the issuing authority has been recklessly or otherwise misled by information or omissions which would call into question an informant's tip, suppression is the appropriate remedy. *United States v. Leon,* 468 U.S. 897, 923 (1984).

Accordingly, we entered our order of August 22, 1991, suppressing the evidence obtained pursuant to the search warrant.