J-A08044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAKISHA D. JONES | : | |
| | : | |
| Appellant | : | No. 1188 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 10, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000229-2021


BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 5, 2024**

Lakisha D. Jones appeals from the judgment of sentence entered following her convictions for knowing and intentional possession of a controlled substance ("K&I"), possession with intent to deliver ("PWID"), and possession of drug paraphernalia.[1] Jones challenges the court's denial of her suppression and Rule 600 motions. She also challenges certain evidentiary rulings. We affirm.

The trial court aptly summarized the facts leading to Jones' convictions.

> After observing the Defendant, Lakisha D. Jones, make two hand to hand controlled buys of cocaine to a confidential informant["CI"], members of the Chester City Narcotics Unit obtained a search warrant for [Jones'] residence located at 210 Pennell Street, Chester, Delaware County, Pennsylvania. On November 13, 2020, the Chester City Narcotics Unit along with members of the Delaware Country Drug Task Force executed the search warrant. Upon

---

[1] 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32), respectively.

entering the house, they found [Jones] and two other individuals in the residence. The police recovered drugs and drug paraphernalia from the kitchen. Recovered from [Jones'] bedroom were eight hundred eight dollars ($808.00) in US currency on her bed, thirty-three thousand forty dollars ($33,040.00) in US currency in two purses, green baggies and seven cell phones.

Rule 1925(a) Opinion, filed 6/29/23, at 1.

The Commonwealth filed a criminal complaint against Jones on November 13, 2020. **See** Police Criminal Complaint, filed 11/13/20. The charges were based on the drugs and paraphernalia found in the house, and not on the controlled buys. The court held a pretrial conference on March 2, 2021. Following this hearing, the case was continued several times, two of them for defense requests. **See** Criminal Notice/Application for Continuance, dated 3/24/21 (continuing case to April 5); Criminal Notice/Application for Continuance, dated 6/14/21 (continuing case to August 2).

On July 16, 2021, Jones filed a motion to suppress arguing that the search and her arrest were without probable cause. **See** Motion to Suppress, filed 7/16/21, at 3 (unpaginated). She also requested that the Commonwealth be ordered to produce the CI involved with the case. **See id.** at 4 (unpaginated). The suppression hearing occurred on November 22, 2021, and the court denied suppression by order entered January 21, 2022.[2] The order did not address the request for the CI's identity. The court then granted several continuances, two of which were defense requests. **See** Criminal

_____

[2] The notes of testimony from the suppression hearing are not included in the certified record.

Notice/Application for Continuance, dated 2/14/22 (continuing case to March 21); Criminal Notice/Application for Continuance, dated 11/21/22 (continuing case to December 12).

On February 16, 2023, Jones filed a Petition for Dismissal Pursuant to Rule 600. **See** Pa.R.Crim.P. 600. The court held a hearing and denied the motion on March 6. **See** Order, 3/6/23. The same day, Jones filed a Defense Objection to Commonwealth's 404(b) Notice, arguing that the "evidence of two controlled purchases of cocaine, by a confidential informant, from Lakisha Jones" would be highly prejudicial. Defense Objection to Commonwealth's 404(b) Notice, filed 3/6/23. Jones also argued that the failure to disclose the identity of the CI violated the Confrontation Clause. The court granted the Commonwealth's request to introduce the evidence of the controlled buys, but did not address the Confrontation Clause issue at that time. **See** N.T., Trial, 3/7/23, at 114.[3]

Jones proceeded by way of a jury trial, and the Commonwealth presented testimony from Officer Benozich, Sergeant Anthony Ruggeri, and Officer Timothy Garron. **See** N.T., Trial, 3/7/23 at 122; N.T., Trial, 3/8/23, at 4, 31. Officer Benozich testified that he received information from a CI that a person by the name of "Kish Mish was selling narcotics from a property of 210 Pennell Street," and he later identified "Kish Mish" as Jones. N.T., Trial, 3/7/23, at 125, 126. After observing two controlled buys between Jones and

---

[3] The notes of testimony from the hearing are not in the certified record.

the CI, Officer Benozich obtained a search warrant for the property. Upon execution of that warrant, police found Jones in the front bedroom of the property. *Id.* at 155. In the front bedroom, Officer Benozich recovered $808 in cash, an additional $33,040 from two purses, and unused baggies bearing green apple stamps that he described as drug paraphernalia. *Id.* at 162, 163, 164. He also recovered cocaine in a clear, knotted sandwich bag, digital scales, and unused blue baggies from the kitchen. *Id.* at 157, 161.

Officer Garron, Officer Benozich's partner, testified as an expert "in the area of narcotics distribution." N.T., Trial, 3/8/23, at 47. He testified that a CI contacted Officer Benozich and told him that a "person could purchase narcotics out of 210 Pennell Street." *Id.* at 35. Counsel lodged a hearsay objection, which the court sustained. *See id.* at 39. The court ruled that Officer Garron could not tell the jury what the CI said but could testify regarding "[w]hatever he was present for and witnessed[.]" *Id.* at 38.

Officer Garron testified that he observed two controlled buys between the CI and Jones. Counsel objected that the testimony was inadmissible and highly prejudicial. *See id.* at 43. Counsel also moved for a mistrial, stating, "We don't have the informant here so that I can examine the informant – I can cross examine the informant to verify whether in fact what the officer says happened actually occurred." *Id.* The court overruled both objections.

While giving its jury instructions, the trial court gave a cautionary instruction regarding the testimony about the CI. The court stated:

> You have heard evidence of a criminal informant and two controlled buys for which the Defendant is not on trial. This evidence is before you for a limited purpose. That is for the purpose of showing the Defendant participated in the controlled buys that allowed the police to make further investigation, get a search warrant and serve the search warrant on the residence at 210 Pennell Street. This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies from which you might be included to infer guilt.

*Id.* at 131-132.

The jury found Jones guilty of the above-mentioned offenses, and the court sentenced Jones to 10 to 23 months' incarceration followed by two years reporting probation for PWID, and concurrent terms of one year probation for K&I and possession of drug paraphernalia. It ordered that Jones' sentence for probation run consecutive to the PWID conviction. Jones filed a post-sentence motion challenging the court's denial of her motion to suppress and her Rule 600 motion. She also challenged the admissibility of evidence of the controlled buys and other testimony. *See* Petition for Post Sentence Relief, filed 4/11/23. The court denied the motion and this timely appeal followed. On May 4, 2023, the court entered an order for transcripts from the jury trial and the sentencing. *See* Order for Transcripts, filed 5/4/23 (requesting transcripts for March 6, 2023, March 7, 2023, March 8, 2023, and April 10, 2023).

Jones raises the following issues:

1. Whether the trial court erred in denying [Jones'] motion to suppress evidence?

2. Whether the trial court erred in denying [Jones'] Rule 600 Motion, which was an abuse of discretion?

- 5 -

3. Whether the trial court erred in failing to order the production of the informant, at the request of [Jones], where the [c]ourt permitted the Commonwealth to put on evidence at trial concerning a[n] alleged control buy involving an informant and deprived [Jones] of her sixth amendment right to confront and cross examine the informant, thus denying [Jones] a fair trial?

4. Whether the [c]ourt abused its discretion in allowing the Commonwealth to introduce prejudicial hearsay evidence concerning the informant by Chester Police Officers during the trial and granting the Commonwealth's Motion in Limine, concerning the same[?]

5. Whether the [c]ourt abused its discretion in allowing the Commonwealth to introduce prejudicial hearsay evidence concerning the informant by Chester Police Officer during the trial and granting the Commonwealth's 404(b) Motion, concerning the same, where such evidence stripped [Jones] of the presumption of innocence[?]

6. Whether the [c]ourt abused its discretion and committed errors of law in allowing the Commonwealth's expert police witness, to testify both as a fact witness and an expert witness and testify at the jury trial that "Ms. Jones possessed the drugs seized with the intent to deliver and not for personal use,["] as this testimony and evidence by the Commonwealth invaded the province of the jury and violated Pennsylvania decision law, **See Commonwealth v. Carter**, 403 Pa.Super. 615, 589 A.2d 1133 (1991)[?]

Jones' Br. at 10-11 (unnecessary capitalization omitted).

Jones' first issue challenges the denial of her motion to suppress. She claims that the court erred because the evidence obtained from her home was fruit of the poisonous tree. She maintains that there was no probable cause for the search warrant "where there was no evidence produced during the investigation that there was cocaine stored inside the premises[.]" **Id.** at 23. Jones notes that the CI "provided police with no information regarding where

drugs would be found inside of the property" and did not tell police that he had seen drugs in the residence. *Id.* at 22. Jones also claims that the warrant "did not describe with specificity where to search for contraband in the property[.]" *Id.* at 20. She notes that the search warrant was for the entire property, which she characterizes as "a rooming house rented by three people," Jones and her two co-defendants. *Id.* at 22. She thus claims that "the scope of the search warrant" was "overbroad." *Id.* at 23.

The certified record does not show that Jones raised her specificity and overbreadth challenges below. Neither one is in her written motion to suppress, and although she may have raised them at the suppression hearing, we do not know if she did so because the transcripts of the suppression hearing are not in the certified record. Indeed, although the trial court itself ordered the transcripts of the trial and sentencing, it did not order those from the suppression hearing, and neither did Jones. It is the appellant's duty to request and pay for transcripts. Pa.R.A.P. 1911(a). It is also the appellant's responsibility to ensure that the record certified on appeal contains the materials necessary for this Court to conduct appellate review, and the failure to do may result in waiver. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*).

In any event, Jones' challenges to the warrant are meritless. Our standard of review in addressing the denial of a suppression motion is settled:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are

supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa.Super. 2019) (quoting

*Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (Pa.Super. 2016) (citation

omitted)).

"Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution guarantee an individual's freedom from unreasonable searches and seizures." *Commonwealth v. Bostick*, 958 A.2d 543, 550 (Pa.Super. 2008) (citation and internal quotation marks omitted). "[A] search is constitutionally invalid unless it is . . . supported by probable cause." *Commonwealth v. Lyons*, 79 A.3d 1053, 1063–1064 (Pa. 2013). "[T]he totality of the circumstances set forth in the affidavit [of probable cause] must be considered when examining whether probable cause supports the issuance of the search warrant." *Harlan*, 208 A.3d at 505 (quotation marks omitted). "[P]robable cause is based on a finding of the probability, not a *prima facie* showing, of criminal activity, and deference is to be accorded a magistrate's finding of probable cause."

*Commonwealth v. Arthur*, 62 A.3d 424, 432 (Pa.Super. 2013) (citation and brackets omitted). We limit our review to the four corners of the affidavit. *Id.*

"[A] warrant must name or describe with particularity the property to be seized and the person or place to be searched." *Commonwealth v. Orie*, 88 A.3d 983, 1002 (Pa.Super. 2014) (quoting *Commonwealth v. Rivera*, 816 A.2d 282, 290 (Pa.Super. 2003)). A warrant is not sufficiently particular if it "'authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize.'" *Commonwealth v. Green*, 204 A.3d 469, 480 (Pa.Super. 2019) (quoting *Orie*, 88 A.3d at 1002). "[S]o long as police have reason to believe the specific items to be seized may be found throughout a single family residence, Article I, Section 8 does not preclude a search of the entire residence regardless of whether a particular individual not named in the warrant has an expectation of privacy in certain areas of that residence." *Commonwealth v. Turpin*, 216 A.3d 1055, 1069 (Pa. 2019). However, a search warrant for "an apartment house, or other multiple-occupancy structure will be held invalid for lack of specificity if it fails to describe the particular room or subunit to be searched with sufficient definiteness to preclude a search of other units." *See Commonwealth v. Carlisle*, 501 A.2d 664, 667 (Pa.Super. 1985).

Here, the trial court concluded that there was probable cause to support the issuance of the search warrant. It concluded that the information "was sufficient for a neutral and detached magistrate to make a common sense

determination that drugs" would be found in Jones' home. Order Denying Defendant's Motion to Suppress, filed 1/21/22, at 8.

> Here, the police set up two controlled buys based on information provided by the CI. The CI was proved reliable in nine prior cases. Officer Benozich observed activity consistent with drug sales and testified that the CI would arrange over the phone, in his presence, to meet the Defendant, Lakisha Jones[,] to purchase cocaine. The Defendant, Lakisha Jones[,] would meet the CI in the front of the searched residence. The CI would return with cocaine and on both occasions the CI was under constant observation. These facts connect the residence at 210 Pennell Street to illegal drug activity in a common sense, nontechnical way. Any magistrate, based on the information provided in the application for the warrant, could conclude that it was likely and probable that drugs would be found in the residence to be searched. As stated above, an informant's tip may constitute probable cause where police independently corroborate the tip as happened here. **See Commonwealth v. Clark**, [28 A.3d 1284, 1288 (Pa. 2011)].

**Id.** at 8-9.

The court's factual findings are supported by the record and it committed no error in its legal conclusions. **See Harlan**, 208 A.3d at 499. The CI purchased cocaine from Jones on two separate days, and on both occasions, Jones exited from the Pennell Street residence immediately before providing the CI with cocaine. **See** Affidavit of Probable Cause, filed 11/12/20, at 4, 5. She did not stop or meet with anyone after she left the residence to meet the CI. Thus, there was a probability that cocaine would be recovered from the Pennell Street address. **Arthur**, 62 A.3d at 432.

Regarding Jones' claim that the warrant lacked specificity, this claim is meritless. The affidavit of probable cause described the place to be searched as follows:

> 210 Pennell Street, Chester, Delaware County, Pennsylvania 19013 being a two story brick structure. The front has an open porch, white screen door, dark colored front door with "210" on it vertically, black light fixture to the left of the front door, and is [sic] has a black mailbox to the left of the front door.

Affidavit of Probable Cause at 1, 7.

The warrant thus set forth that Jones' entire two-story home would be searched. Though Jones maintains that the warrant was overly broad because she shared the home with two other individuals, Jones does not suggest that the Pennell Street residence was an apartment house or multi-unit building, nor is there any evidence of such. The evidence suggests that the Pennell Street residence was a single-family home, and the warrant application established probable cause that cocaine and other items related to the sale of cocaine would be found throughout the entire residence. Therefore, we conclude that the warrant was neither insufficiently specific nor overly broad. *See Turpin*, 216 A.3d at 1068-69 (rejecting claim of overbroad warrant where search warrant was for a single-family residence occupied by multiple unrelated individuals and warrant was based on one individual's activity in the home); *cf. Carlisle*, 501 A.2d at 667.

Next, Jones alleges that the Commonwealth did not exercise due diligence in bringing her case to trial by the mechanical run date of November

13, 2021. She claims the Commonwealth "requested more than fourteen months in continuances and was silent at the prospect of more than a year of court ordered continuances." Jones' Br. at 26. This claim is waived.

It is the appellant's responsibility "to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Preston*, 904 A.2d at 7; Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required"). "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." *Preston*, 904 A.2d at 7. "In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted." *Id.* "[A]ny claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Id.*

The record before this Court does not include the notes of testimony from the hearing on the motion to dismiss. Jones' claim regarding her Rule 600 claim cannot be resolved in the absence of this transcript. As such, this issue is waived. *Id.*; *see Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa.Super. 2022) ("The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court") (citation omitted and alteration in original).

Jones' remaining issues challenge evidentiary rulings. The admission of evidence is within the discretion of the trial court and will only be reversed

where there is an abuse of that discretion. **See Commonwealth v. Radecki**, 180 A.3d 441, 451 (Pa.Super. 2018). An abuse of discretion exists where the court overrides or misapplies the law or exercises judgment in a way "that is manifestly unreasonable, or the result of bias, prejudice, ill will or partiality, as shown by the evidence of record." **Id.** (citation omitted).

Jones claims the court erred in failing to order the Commonwealth to disclose the CI's identity. She maintains that the CI's "testimony would have been material to [Jones'] defense, . . . that Officer Garron was mistaken in identifying [Jones] as the woman that engaged the [CI] in the controlled drug purchases[.]" Jones' Br. at 28. She maintains that this alleged failure of the court violated her Sixth Amendment Constitutional right to confront and cross-examine the informant.

"The Confrontation Clause in the Sixth Amendment to the United States Constitution provides that all criminal defendants enjoy 'the right to confront and cross-examine adverse witnesses.'" **Commonwealth v. Rosser**, 135 A.3d 1077, 1087 (Pa.Super. 2016) (*en banc*) (citation omitted). "[T]he focus of the Confrontation Clause is testimonial hearsay." **Commonwealth v. Dargan**, 897 A.2d 496, 500 (Pa.Super. 2006). Hearsay is an out-of-court statement offered "in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Furthermore, "[a]n out-of-court statement offered to explain a course of conduct is not hearsay." **Dargan**, 897 A.2d at 500 (citation omitted).

Jones does not challenge Officer Garron's testimony about any out-of-court statements the CI made.[4] Thus, her Sixth Amendment claim is misplaced. Jones' Br. at 27 ("Officer Garron attempted to testify about the two alleged control purchases of the confidential informant from [Jones]"). Furthermore, her claim that the court erred in refusing to order the Commonwealth to disclose the CI's identity is meritless.

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Commonwealth v. Bright*, 234 A.3d 744, 747 (Pa.Super. 2020) (citation and internal quotation marks omitted). The defendant bears the burden of showing that the request to disclose the CI's identity "is reasonable and that the information sought to be obtained through disclosure is material to the defense." *Commonwealth v. Withrow*, 932 A.2d 138, 141 (Pa.Super. 2007). "A defendant fails to carry the initial burden to show that the CI's identity would be material to a defense of mistaken identity where the record contains no evidentiary basis on which the defendant could assert the defense." *Bright*, 234 A.3d at 747.

Here, Jones failed to show that the CI's identity would be material to her defense. According to Jones, the CI would at most testify that Jones was not the seller of the drugs to the CI. Because Jones' convictions rest on the

_____

[4] For this reason, the trial court's apparent failure to rule on the Confrontation Clause issue was harmless. **See also** Rule 1925(a) Op., at 6-7 ("[Jones] was not convicted based upon any statement or evidence obtained from any witness that [Jones] was not able to confront.").

drugs and other materials found in the house, and not on the controlled buys, Jones has not shown that the CI's testimony would have been material to her defense. As such, the court committed no error in denying Jones' objection. **See id.**

Next, Jones claims that the court erred by admitting Officer Benozich's testimony about what the CI told him because it was inadmissible hearsay. She claims "[s]uch hearsay clearly does not fall under any exceptions" and the court abused its discretion by permitting such testimony. Jones' Br. at 29.

Jones' argument lacks merit. Officer Benozich's testimony regarding his conversation with the CI was not offered for the truth of the matter asserted. Rather, the Commonwealth introduced the testimony "to inform the jury of the reasons that the police went to [Jones'] house and searched it." Rule 1925(a) Op. at 7. Moreover, any potential prejudice was cured by the court's cautionary instruction. **See** N.T., 3/8/23, at 131-132. We presume the jury followed the instruction. **Dargan**, 897 A.2d at 501; **Commonwealth v. Naranjo**, 53 A.3d 66, 71 (Pa.Super. 2012) ("Juries are presumed to follow a court's instructions").

Jones also claims that Officer Benozich's testimony about his conversation with the CI violated Rule 404 of the Pennsylvania Rules of Evidence. **See** Pa.R.E. 404(b). Jones maintains the court should have denied the Commonwealth's Rule 404(b) motion to admit the testimony. She claims that the testimony stripped her of the presumption of innocence.

- 15 -

Rule 404 prohibits "[e]vidence of any other crime, wrong, or act" where it is admitted "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2).

Here, the trial court granted the Commonwealth's motion because it met the exceptions of Rule 404(b)(2).

> The court granted the motion because the evidence was relevant, recent, reliable, and probative. Moreover, the controlled buys became necessary for the Commonwealth to prove motive, intent, identity, and absence of mistake or accident.

Rule 1925(a) Op. at 9. The court did not abuse its discretion. The two controlled buys proved Jones' motive and intent to sell a controlled substance as well as her knowledge of the cocaine recovered from her home. Furthermore, as stated above, any prejudice suffered by the testimony was cured by the court's cautionary jury instruction.

Finally, Jones claims the trial court abused its discretion by allowing Officer Benozich to offer expert testimony. She argues expert testimony was improper because Officer Benozich testified that he saw Jones make a hand-to-hand sale to the CI in broad daylight. In support, she cites *Commonwealth v. Carter*, 589 A.2d 1133 (Pa.Super. 1991). *Carter* is inapposite. Carter was charged with hand-to-hand transactions that the police

observed. Here, Jones was charged and convicted of PWID for cocaine found in the home.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/05/2024