## Commonwealth v. Austin

*Larry J. Keith, assistant district attorney,* for Commonwealth.

*Philip W. Berezniak,* for defendant.

PICCIONE, *J.,* December 20, 2007—Before the court for disposition is defendant's omnibus motion for pretrial relief in the form of a motion to suppress evidence. Where a motion to suppress has been filed, the burden

is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. *Commonwealth v. DeMark,* 800 A.2d 947 (Pa. Super. 2002).

Defendant asserts that any and all evidence seized pursuant to the search warrant should be suppressed because there was insufficient probable cause to issue the search warrant. According to the language in Pa.R.Crim.P. 203 and as explained in *Commonwealth v. Edmunds,* 526 Pa. 374, 377, 586 A.2d 887, 888 (1991), a trial court shall only consider the information set forth in the affidavit of probable cause to evaluate whether or not probable cause was established to issue a search warrant. "The courts in this Commonwealth employ a 'totality of the circumstances' test, as enunciated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for determining the existence of probable cause for the issuance of a search warrant." *Commonwealth v. Singleton,* 412 Pa. Super. 550, 551, 603 A.2d 1072, 1072 (1992). Consequently, this court shall consider only the information contained in Trooper Kocinski's (affiant) affidavit and Trooper Barnett's supplemental investigation report which was attached to such affidavit and shall apply the totality of the circumstances test.

The court will first consider whether there was sufficient probable cause to issue a search warrant encompassing the seizure of a SKS semi-automatic assault rifle. According to paragraph eight of the affidavit Danielle Lynn Workman is the defendant's girlfriend and the defendant resides in her home. According to paragraph seven Workman completed a "Department of the Treas-

ury Bureau of Alcohol, Tobacco and Firearms form" indicating that she was the individual purchasing the rifle. After purchasing the rifle, Workman asked the vice president of Duke's Sporting Goods what would be the appropriate ammunition for deer hunting. The vice president informed her that it was illegal to use the rifle for deer hunting. Upon combining the above information with a controlled buy made at the defendant's residence and the defendant's past criminal history, the affiant states his belief that the rifle was being used to protect defendant's residence.

In Trooper Barnett's supplemental investigation report he states that he was informed by Trooper Baer that Workman's purchase of the rifle may have been a "straw purchase." Trooper Barnett goes on to state that "[a] background check on the offender [defendant] revealed he is not prohibited from possessing a firearm, however the firearm was seized by Trooper Baer due to the drug activity at the residence."

A strawman purchase occurs "when a lawful purchaser buys for an unlawful one." *U.S. v. Moore,* 109 F.3d 1456, 1461 (9th Cir. 1997). In the instant case, defendant was not prohibited from possessing firearms. Moreover, there is no information indicating Workman purchased the rifle for defendant or that defendant used the rifle for illegal purposes. The rifle was legally purchased by Workman and seized from her residence. There is insufficient information within the affidavit upon which the affiant relied to base his belief that the rifle was being used for illegal purposes. As such, the defendant's omnibus motion to suppress evidence is granted as to the rifle.

The court will next consider whether there was sufficient probable cause to issue a search warrant encompassing all other items seized. The crux of defendant's assertion is that insufficient information as to the confidential informant's (CI) reliability was stated in the affidavit for the issuing authority to find that there was probable cause to search. "A tip from an unnamed informant can properly form the basis for probable cause to issue a search warrant, provided there is adequate evidence of the informant's reliability." *Commonwealth v. Lemanski,* 365 Pa. Super. 332, 353, 529 A.2d 1085, 1095 (1987) (distinguished on other grounds by *Commonwealth v. Oglialoro,* 377 Pa. Super. 317, 547 A.2d 387 (1988)).

In the instant case, the defendant's reputation supports the CI's tip. The affiant stated in paragraph three of the affidavit that other law enforcement officers informed the affiant that the defendant had "been involved in illegal drug trafficking for several years in and around the Lawrence County, Pennsylvania area." Also, the affidavit specifically states in paragraph five that the CI gave prior reliable information. The affiant stated "[t]he CI has also provided information to your affiant on occasions which has been determined to be true and correct by your affiant and other officers." Moreover, the CI was advised that giving any false information or statements to the affiant would subject the CI to criminal penalties. The CI acknowledged that he/she understood this possible consequence.

Defendant has asserted that reliability of the CI was not proven in the affidavit because the affiant wrote in paragraph five that "[t]he CI has assisted your affiant and

other officers with investigations in the past which will *and/or* has resulted in the arrest of individuals . . . ." Defendant asserts that the term "and/or" is fatal to prove reliability of the CI. Defendant cites *Commonwealth v. Gindlesperger,* 706 A.2d 1216 (Pa. Super. 1997), to support this contention. In *Gindlesperger,* the only information in the affidavit to establish the CI's reliability was a statement that the CI *"provided information to this officer in the past that has been proven reliable and will result in the arrests of individuals for violations of the drug laws." Id.* at 1225. (emphasis in original) The court found that in such a situation, the CI must have given information that has led to arrests in the past. *Id.*

This court finds that *Gindlesperger* is not controlling. In the instant case, the reliability of the CI is not based solely on the reliability of prior information given to the affiant as was the case in *Gindlesperger.* In fact, there are four factors that must be considered when: " determining the credibility of an unidentified informant and the reliability of his information: (1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by another source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip?" *Id.* at 1225 (citing *Commonwealth v. Gray,* 322 Pa. Super. 37, 47, 469 A.2d 169, 174 (1983)). "It is not necessary that the affidavit satisfy all four of these criteria." *Id.*

This court should, and will, give deference to the issuing authority's determination of probable cause. *Commonwealth v. Corleto,* 328 Pa. Super. 522, 528, 477 A.2d

863, 866 (1984). The issuing authority must read the "affidavit upon which a search warrant is sought . . . with common sense. Technical requirements of elaborate specificity are inappropriate." *Commonwealth v. Jefferson,* 271 Pa. Super. 199, 204, 412 A.2d 882, 885 (1979). Reading the affidavit in such a manner and applying the totality of the circumstances test, this court finds that adequate probable cause is established in the affidavit for the issuing authority to have issued a search warrant. As such, the defendant's omnibus motion to suppress evidence is denied as to all other items seized.

## ORDER

And now, December 20, 2007, the court having held a hearing December 3, 2007 on defendant's omnibus motion for pretrial relief, with Assistant District Attorney Lawrence J. Keith, Esquire, appearing and representing the Commonwealth, and Philip W. Berezniak, Esquire, appearing and representing the defendant, Dana Q. Austin, it is hereby ordered, adjudged and decreed as follows:

(1) The relief requested in defendant's omnibus motion for pretrial relief is denied in part and granted in part pursuant to the attached opinion.

(2) The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record, Assistant District Attorney Larry J. Keith, Esquire, Philip W. Berezniak, Esquire; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.